### SPENCER vs. FIELD.

A contract, to be obligatory upon a *principal* when made by an *agent*, must be made *in the name* of the principal ; if the agent contract *in his own name*, describing himself as agent or attorney for his principal, the contract is *the contract of the attorney*, and not of the principal.

If it be intended to bind the principal, the contract, when entered into by an attorney, should be in this form : " Articles of agreement made and concluded this first day of, &c. between A. B. by C. D. his attorney *of the first part*, and E. F. *of the second part ;*" if it be entered into by C. D., attorney for A. B., it is not the contract of the principal, but of the attorney, and the addition annexed to his name is mere description.

Where the contract is made by *A. B. as attorney for C. D.*, and *he* agrees to convey the land of his principal, the contract is void ; but where the covenant is *that the principal shall convey*, the contract is valid, such covenant being a good consideration, and sufficient to support the agreement of the opposite party to pay the purchase money.

In a *simple contract*, a promise made for the benefit of a third person is valid, and may be enforced by the promisee by action, if he has an interest in the subject matter of the promise ; but where the *contract is under seal* and *inter partes*, no one but a party to the instrument can maintain an action for a breach of it ; thus, where a contract was entered into between A. and B., by which A. agreed to sell and that his principal should convey certain lands, and B. agreed to purchase and to pay the purchase money to C., a third person ; *it was held*, that an action for the breach of the covenant did not lie by C. against B.

An instrument commencing thus : " This deed, concluded, &c. between A. of the one part and B. of the other part," is a deed *inter partes*.

DEMURRER to declaration. The declaration in this case was in *covenant* on a written instrument, commencing thus : " A contract or articles of agreement made and concluded this 14th day of December, 1821, between James Hillhouse, commissioner of the school fund of the state of Connecticut, for and in behalf of said state, to and for the use and benefit of

said school fund *of the first part*, and Joshua Field of Clarkson, &c. *of the second part.*" It was signed "Joshua Field, L. S. James Hillhouse, Com'r. of the school fund, L. S." and contained four covenants : 1. The party of the first part agreed to sell to the party of the second part, who by the same instrument agreed to purchase, a lot of land of about 100 acres, situate in the county of Genesee in the state of New-York ; 2. The party of the second part, *in consideration* of the said covenant, "and of the covenants hereinafter expressed," agreed to pay unto *Isaac Spencer, Esq.* "treasurer of the said state of Connecticut, and his successors in office for and on account of said state of Connecticut, in trust for the use and benefit of said school fund," the sum of $592,05, as the purchase money of the premises, in ten equal annual instalments, with interest ; 3. The party of the second part agreed to pay all taxes, not to commit waste, and not to assign the contract without the assent of the other party ; and 4. The party of the first part agreed, that upon the payment of the purchase money with interest, and the fulfilment of the covenants by the party of the second part, *the state of Connecticut* shoud execute and deliver to the party of the second part, his heirs and assigns, a warranty deed of the premises described in the first covenant, conveying a good and valid title in fee simple thereto. The suit was brought in the name of *Isaac Spencer*, describing him as "treasurer of the state of Connecticut, for and on account of said state, in trust for the use and benefit of the school fund of said state." In the declaration is set forth the making of the instrument, the covenant of the party of the first part to *sell*, and of the party of the second part to *purchase* the premises described in the instrument, and the covenant of the party of the second part to pay *Isaac Spencer, treasurer, &c.* the sum of $592,05, in the proportions and at the times specified in the instrument, and concludes by averring that the said sum of $592,05, and the interest thereon, had become due and payable from the defendant to the plaintiff, yet that the defendant, although often requested, had not paid the principal and interest, nor any part thereof, *to the plaintiff* nor to any other person, for or on account of the said state of Connecticut, to the damage of the plaintiff of $2000. To this decla-

ration the defendant put in a general demurrer, and the plaintiff joined in demurrer.

*M. T. Reynolds*, for the defendant.

*I. L. Wendell*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J.  The defendant takes two exceptions to the declaration : 1. That the contract declared on is void, being made by James Hillhouse in his own name as agent for the state of Connecticut ; 2. That the plaintiff, not being a party to the contract, cannot maintain an action thereon.

The first inquiry which presents itself on perusing the instrument declared on, is, whose contract is it ?  The contract itself says that it is entered into between James Hillhouse, commissioner of the school fund of the state of Connecticut for and in behalf of the said state, to and for the use and benefit of said school fund, of the first part, and Joshua Field of the second part.  Is James Hillhouse the party ?  or is it the state of Connecticut ?  or the school fund of the state of Connecticut ?  We have no reason to believe that the school fund has any corporate capacity, and without such capacity it cannot sue or be sued.  The state of Connecticut and James Hillhouse have capacity to sue, but a contract, to be obligatory upon any party, must be made in the name of such party ; and if it is executed by an attorney or agent, the attorney must contract in the name of his principal.  If an attorney contract in his own name, describing himself as agent or attorney for his principal, the contract is the contract of the attorney and not of the principal.  If the contract declared on was intended to be obligatory on the state of Connecticut, it should have been entered into between " the state of Connecticut by James Hillhouse, the attorney or agent of the said state of the first part," but the state is no party to this contract. By the fourth article, it seems the parties thought the state would be bound by the contract, but there is no obligation upon the state.  If it is a valid contract, it must therefore be the individual contract of James Hillhouse, and the titles an-

nexed to his name are mere description. I had occasion in *Stone* v. *Wood,* 7 *Cowen,* 454, to examine some of the cases on this point. In that case, Wood described himself as agent of J. & R. Raymond, but it was held that Wood and not the Raymonds was bound. In *Fowler* v. *Shearer,* 7 *Mass. R.* 19, the instrument was in this form: "Know ye that I, Abigail Fowler, of, &c. and also as attorney to John Fowler, in consideration, &c. have given." It was held this was not the deed of John Fowler. Parsons, chief justice, says, "If an attorney has authority to convey lands, he must do it in the name of the principal. The conveyance must be the act of the principal and not of the attorney, otherwise the conveyance is void." In that case the attorney made the conveyance; here the attorney, if indeed he had authority, makes the contract in his own name. In that case it was held to be void as to passing any estate of John Fowler; so here no obligation is imposed on the state of Connecticut. It is therefore the contract of James Hillhouse or it is void. The defendant contends that it is void on the authority of *Frontin* v. *Small,* 2 *Ld. Raym.* 1418, and *Bogert* v. *De Bussy,* 6 *Johns. R.* 95. In the first of these cases an attorney executed a lease in her own name as attorney for James Frontin, to whom the rent was reserved. But the court held that the lease not being executed as the deed of James Frontin, the owner, passed no state; of course there was no consideration for the covenant to pay rent. The deed therefore was void upon its face. In the latter case Bogart and another, as attorneys for Simon Laurentius, agreed to execute a deed to the defendant De Bussy of a certain farm, and the defendant agreed to pay the price agreed on. The court said, if the covenant is to be considered as made with Laurentius, the principal, the suit ought to have been brought in his name. If, however, it is to be considered as made with the attorneys, in their own names as attorneys, then the whole agreement is void, and no action can be maintained upon it; and they cite *Frontin* v. *Small.* The contract was void, because the deed which they bound themselves to execute would be void and convey nothing; the court therefore would not compel the defendant to pay his money for that which would be worthless to him.

In this case, however, the contract is different ; it is not that the attorney shall convey the lot which was the subject of the contract, but that the owner shall convey—that the principal shall execute a deed conveying a good title ; and the defendant covenants to pay in consideration of the attorney's agreement to sell, and " the covenants hereinafter expressed," among which is the covenant that the state shall execute a deed. This is a covenant which, if fulfilled, is a good consideration, and is in my opinion sufficient to support the covenant of the defendant to pay the money. Had the agreement been that Hillhouse should convey the lot in question, the case could not have been distinguished from that of *Bogart* v. *De Bussy.* But the distinction just mentioned appears to me to place it upon a different principle ; a person may contract to convey in future real estate, which at the time of the contract he does not own, and such contract will be valid ; so he may contract to procure a conveyance from the owner, and such substantially is the present case. The contract therefore is not void, but is a valid contract.

The next question is, whether the plaintiff can maintain this action, being a stranger to the contract ?

In the case of *Sailly* v. *Cleveland & Hutton,* post, decided this term, I have referred to some cases upon the question, whether, in a simple contract, a promise made to a third person is valid ; and the rule seems to be establised in this court, and so are the later cases in England, that such a promise is valid when made for the benefit of such third person, the promisee ; but unless such third person has the interest in the subject matter of the promise, he cannot maintain an action upon it. When, however, the contract is *under seal* and *inter partes*, the rule is more strict, and no one but a party to the instrument can maintain an action for a breach of it. By a deed *inter partes* is understood an instrument commencing thus : " This deed, concluded on, &c. between A. of the one part and B. of the other part." The effect of such an introduction is to declare that the covenants are intended to be made between those parties and none others, *Hammond on Parties to Actions*, 18 ; *Com. Dig. Fait. D. 2, n. l.;* and should the deed contain a covenant that A. covenants with J. L. to pay him £20, the words *with J. L.* are inoperative, unless to denote for whose benefit the stip-

ulation is made, and B. alone can sue for the non-payment. *idem.* So, none shall take a present interest by a deed if he be not a party to it. *Com. Dig. Fait. C. 2, D. 2.* 1 *Shower*, 59. So a party to a deed cannot covenant with one who is a stranger ; *idem. ;* though in a feoffment, a warrant of attorney to A., not a party, to make livery of seisure is good, though formerly held otherwise. 1 *Show. 59.* So Lord *Coke* says, *Co. Litt, 232, a.* and here is also a diversity to be understood, that any stranger to the indenture may take by way of remainder, but he cannot in this case take any present estate in possession, because he is a stranger to the deed. In a note to this passage by Mr. Hargrave, it is stated that in *Salter* v. *Hedgely, Carth.* 76, Lord Ch. J. *Holt* held that a party to a deed cannot covenant with one who is no party to it; but that one who is no party to a deed may covenant with one who is a party, and oblige himself by sealing of the deed. This is the same case reported in 1 *Show.* 58, 9, as *Salter* v. *Kidley.* That was covenant on a deed reciting certain articles made between A. and E., and that one B. should perform all that on his part were to be performed, and that these articles were made between A. and E., but by that deed B. did covenant and agree to pay ; that B. did not pay and that defendant hath not paid, and so has broken his covenant. Demurrer : and it was agreed that B. was no party to the deed, and so not bound, though he sealed it. *Holt,* Ch. J. asked, why cannot he oblige himself by a deed, if there be express words for it, and he seals it ? Suppose at the end of the indenture it be, " and be it known that A. B. for himself covenants," and he seals it, why should not this oblige him ? He adds, a man cannot take immediately where he is not a party ; but where do you find that a man cannot give without being a party ? In the case of *Stone* v. *Gordon,* 3 *Maule & Sel.* 322, Lord Ellenborough, discussing the subject of covenants in deeds *inter partes,* remarks that where there is such a deed as is technically called a deed *inter partes,* that is, a deed importing to be between the persons who are named in it as executing the same, and not as some deeds are general to " all people," the immediate operation of the deed is to be confined to those persons who are parties to it ; no stranger to it can take under it, except by way of remainder, nor can any stran-

ger sue upon any of the covenants it contains; several cases are cited. In the case of *Hornbeck* v. *Westbrook*, 9 *Johns. R.* 73, 5, the court, in giving their opinion, say, " A person who is not a party to a deed cannot take any thing by it, unless it be by way of remainder ; the grantor cannot covenant with a stranger to the deed ; this is an acknowledged rule of law ;" citing *Salter* v. *Kidgely*, *Carth.* 76. Upon authority, therefore, it seems to be settled that no one but a party to a deed can take any benefit under it. Even if this were not a deed *inter partes*, and the action was in assumpsit, no consideration having passed from the defendant, but from Hillhouse, no action would lie, as no interest is shown in the present plaintiff.

Judgment for defendant on demurrer.