Judge Napton
delivered the opinion of the court.
The special agreement upon which this action of assumpsit is based, was executed by the parties in discharge of a previous agreement signed by “J. T. V. Thompson and A. Shiff for Jacob M. Ober.” The substitute agreement relates to the same subject matter, and is signed by “A. Shiff, by his agents Ohoteau & Yalle and J. T. Y. Thompson.” In this last agreement Thompson “agrees to furnish not exceeding 12,500 bushels of good merchantable corn to said Shiff, to be paid for at the rate of 40 cents per bushel of 56 pounds, and the said *491 Shiff also, in full of the written contract, agrees to receive not exceeding the said 12,500 bushels of corn, and to pay therefor at the rate of 40 cents per bushel, clear of all charges, payment to be made at St. Louis, by Choteau & Valle, and the corn -to be shipped to Choteau & Valle, at St. Louis, by said Thompson, within the ensuing month, tobe at Shiff’s risk and expense when on board the steamboat. The declaration avers the delivery of the corn, and that by the agreement the defendants, Choteau & Valle, were bound to pay the six thousand dollars. The only question for our determination is, whether the contract, as set out, bound the defendants.
The general principles which regulate the liabilities of principal and agent are not disputed. Where the agent acts in the name of his principal the agent is not liable. Patterson vs. Guad, 15 East. 162. But this rule has its exceptions ; it does not apply when the principal is unknown to the party dealing with the agent; nor where there is no responsible principal to resort to; nor where the agent makes the undertaking his own.
The only question in this case is whether the agent has made the contract his own. The contract is set out in pace verba in the declaration, and no question in relation to the principal being a foreigner, or unknown, or irresponsible, are presented by the case. The written contract, alone is relied on.'
Can there be any doubt that Shiff, the principal, was bound by this contract? It is executed in his name, and signed by his agents for him in precisely that form directed by the law, when the agent intends to bind the principal. Spencer vs. Field, 10 Wend. 87. Thompson agrees to deliver the corn to Shiff, and Shiff agrees to pay for it at the rate of 40 cents per bushel. It is true that this payment is to be made at St. Louis, and by Choteau & Valle, but that seems to be a mere designation of the place and mode of payment. Choteau & Valle take care not to bind themselves to any thing. Their names are not to the instrument except as agents. It is Shiff’s contract to pay through Choteau ,& Valle; not the contract of Choteau & Valle. It does not appear upon the face of the writing that Choteau & Valle have made any contract with the plaintiff. They have merely executed a contract for Shiff, their principal, and executed it in the name of their principal, so as to bind him and not them. What facts may exist outside of the instrument of writing, which might subject them to responsibility, cannot be considered in this case. No such facts are alleged in the declaration. Judgment affirmed.