A. S. BRYSON v. H. S. LUCAS.

*Agent and Principal—Bond, how executed to relieve agent of personal liability.*

Where one act as agent of another in the execution of an instrument *under seal* and does not mean to bind himself personally, he must exe-

cute it in the name of his principal and state the name of the principal, only, in the body of the instrument; Therefore *it was held* that a bond in which " I promise to pay to the order, &c., witness my hand and seal, signed by H. S. L. (seal) for C., president of a company," imposed a personal liability upon L.

(*Delins* v. *Cawthorne*, 2 Dev., 90 ; *Potts* v. *Lazarus*, 2 C. L. Rep., 83 ; *Fronebarger* v. *Henry*, 6 Jones, 548 ; *Fisher* v. *Pender*, 7 Jones, 483 ; *Bank* v. *Wright*, 3 Jones, 376 ; *McCall* v. *Clayton*, Busb., 422 ; *Whitehead* v. *Reddick*, 12 Ired., 95 ; *Oliver* v. *Dix*, 1 Dev. & Bat. Eq., 158 ; *Redmond* v. *Coffin*, 2 Dev. Eq., 437, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of MACON Superior Court, before *Schenck, J.*

This action is brought against the defendant upon the following written instrument executed by him: On or before the first day of January, 1879, I promise to pay to the order of Albert S. Bryson one thousand dollars with interest from date, being part payment of a certain tract of land, for which bond has been given, bearing even date with this note. Witness my hand and seal this 2nd day of July, 1877. (Signed by H. S. Lucas. [seal] For Charles Callender, President of the Chester Mica and Porcelain Co.)

A similar note was given at the same time, falling due a year earlier, which was extinguished by the appropriation of partial payments sufficient for that purpose.

As a contemporary act and part of the same transaction, the plaintiff entered into the following covenant:

For and in consideration of one dollar paid to me, and also in consideration of the sum of four thousand dollars to be paid as follows, to wit: $500 by five days sight draft; $500 in ninety days from date; $1,000 1st January, 1878; and $1,000 1st January, 1879; I, Albert S. Bryson, will sell, assign, transfer and make over to Charles Callender, president of the Chester Mica and Porcelain Company, of New York, an undivided three-fourth interest in all that property, situate, lying and being in Macon county, state of

North Carolina, on the waters of Nantahala river, containing six hundred and eighty acres, more or less, deeded to me by the State of North Carolina, in two separate grants, bearing date 4th December, 1876; and I further agree, upon the payment to me of $500, specified, to execute to the said Charles Callender, president of the Chester Mica and Porcelain company, a bond for title to the above specified land, fully and freely, to be executed. The said title to the aforesaid land to be executed and delivered upon the fulfilment of the conditions of the bond. As witness my hand and seal this 29th day of June, 1877. Signed by Albert S. Bryson. [SEAL.]

The plaintiff avers his readiness and ability to make title according to the agreement on payment of the residue of the purchase money.

On the trial before the jury the court expressed the opinion that the action was misconceived and would not lie against the defendant, in submission to which the plaintiff suffered a nonsuit and appealed.

*Messrs. Gray & Stamps*, for plaintiff: The bond sued on is not the deed of the alleged principal ; the instrument must purport on its face to be the contract of the principal and his name inserted in it and signed to it, and not merely the name of the agent. Story on Agency, § 147, *et seq.; Delins* v. *Cawthorn*, 2 Dev., 90. The seal affixed must be that of the principal and not that of the agent merely, 4 Hill, 351, and the cases on the same subject reviewed in the opinion of this court. By the intimation of opinion by the judge below that the action would not lie against the defendant, the plaintiff was deprived of the opportunity of showing that the credit was given to defendant alone, and not to a foreign corporation, and that defendant signed, sealed and delivered the instrument as *his* bond and deed. The plaintiff is therefore entitled to a new trial.

BRYSON *v.* LUCAS.

*Messrs. Reade, Busbee & Busbee*, for defendant: The notes and the agreement to make title are *in pari materia*, and are to be taken together. It is manifest that the contract was between the plaintiff and Charles Callender, president, &c. Whether this is so or not, must be determined by an inspection of the bond and the agreement. See opinion in *Delins* v. *Cawthorn*, 2 Dev., 90. The defendant relied on the cases of *Potts* v. *Lazarus*, 2 C. L. Rep., 83; *Whitehead* v. *Reddick*, 12 Ired., 95; *McCall* v. *Clayton*, Busb., 422; *Osborne* v. *High Shoals Co.*, 5 Jones, 177, and cases from other states bearing on the same question.

SMITH, C. J. The record presents the sole question, whether the instrument set out in the complaint is the bond of the defendant on which he is personally liable.

It is settled by adjudications in this state that a contract made in the name of another by one professing but not possessing authority to bind, is the contract of neither, yet the former may be liable upon the contract implied in receiving the consideration, and the latter in damages for the false and fraudulent representation of such agency. *Potts* v. *Lazarus*, 2 Car. Law Rep., 83; *Delins* v. *Cawthorne*, 2 Dev., 90. And the principle extends to a partnership, one of whose members without legal authority undertakes to execute a note under seal in the name of the firm. *Fronebarger* v. *Henry*, 6 Jones, 548; *Fisher* v. *Pender*, 7 Jones, 483.

It is manifest that this is not the bond of the company, nor of its chief officer, not only for a defect of power in the agent to make it, but for the further reason that in form it does not undertake to impose an obligation on either unless that effect follows the use of the words superadded to the signature. Undoubtedly a promissory note without seal thus signed would be construed to create a direct contract with the party on whose behalf and for whose benefit it thus appears to have been made. It is so held in *Bank of*

*Cape Fear* v. *Wright,* 3 Jones, 376; *McCall* v. *Clayton,* Busb., 422, and numerous cases cited in Story on Agency, § 144. But it is otherwise when the contract is authenticated by seal, and it then becomes the deed of the party to whose name the seal is annexed, although described as agent, or is an absolute nullity, binding no one.

In our opinion this writing is in effect as well as in form the personal bond of the defendant, notwithstanding the mode of its execution and signature, and this proposition is fully supported by authority. No where in the body of the note is the name of any supposed principal mentioned or referred to. Its language is entirely personal—" I promise to pay Albert S. Bryson "—and it concludes with the words, " witness *my hand and seal,*" and then the seal is affixed to the name of the promisor, the defendant. While the consideration recited is the sale of a tract of land of which this is a part of the purchase money, it is not stated to whom the sale was made, and this only appears from the plaintiff's covenant, referred to as of the same date, and which when produced bears an earlier date. But waiving the discrepancy in the bonds, there is no incongruity in the defendant's assuming a personal obligation for the payment of the purchase money for the land sold and to be conveyed to another, nor does this fact change or impair the individual liability incurred. To substantiate this construction of the covenant, we shall refer to some decided cases, called to our attention in the well considered brief of the plaintiff's counsel.

In *Combe's* case, 5 Coke, 135, it was resolved by the court, " that when any one has authority as attorney to do any act, he ought to do it in his name who gives the authority, for he appoints the attorney to be in his place, and to represent his person, and therefore the attorney cannot do it in his own name, nor as his proper act, but in the name and as the act of him who gives the authority."

Quoting and approving the doctrine announced, SAVAGE, J., remarks: " All the subsequent cases agree in the law as thus laid down by COKE. There is no contradiction on the subject." *Stowe* v. *Wood*, 7 Cowen, 453. To the same purport is *Stackpole* v. *Arnold*, 2 Mass., 26.

" I accede to the doctrine in all the cases cited," is the language of GROSE, J., in *Wilkes* v. *Back*, 2 East., 142, " that an attorney must execute his power in the name of his principal, *and not in his own name.*"

In *Appleton* v. *Binks*, 5 East., 147, the defendant for himself, his heirs, executors, &c., on the part and behalf of the said LORD VISCOUNT ROKEBY, did thereby covenant, &c., and the consideration was received by LORD ROKEBY. The court held the covenant to be personal, and say : " It is impossible to contend that where one covenants for another he is not bound by it, the covenant being in his own name for himself and his heirs." See also *Dewitt* v. *Walton*, 5 Selden, 571.

In *Tippett* v. *Walker*, 10 Mass., 595, the agreement was entered into by the defendants, a committee appointed by the directors of the Middlesex Turnpike company, and the court say : " To the agreement the defendants have not (if they had legal authority) put the seals of the directors or the seal of the corporation. It is therefore their deed, and if it were not their covenant, it is not the covenant of any person or corporation, and the *apparent interest of the plaintiff to have his payments secured by a covenant will be defeated.*"

In *Duvall* v. *Craig*, 2 Wheat., 45, Judge STORY says : "An agent or executor who covenants in his own name and yet describes himself as agent or executor, is personally liable for the obvious reason that the one has no principal to bind, and the other substitutes himself for his principal." In the note to this case it is added : " When a person acts as agent for another, if he executes a deed for his principal *and does not mean to bind himself personally,* he should take care to

execute the *deed in the name of his principal, and state the name of his principal, only, in the body of the deed.*"

In the courts of New York the doctrine has been repeatedly and emphatically announced. In *Townsend* v. *Hubbard*, 4 Hill, 351, the articles of agreement were between Isaiah Townsend and certain others named, "by Harvey Baldwin their attorney of the first part, and the second party" and concluded: "In witness whereof the said Harvey Baldwin as attorney of the party of the first part, and the said parties of the second part, have hereunto set their hands and seals," and the name of the attorney was subscribed thereto with his seal, and the court declared the covenant to be personal, and say: "In the case of a sealed instrument executed by an attorney, duly authorized by a person, under seal, no particular form of words is necessary to render it valid and binding upon the principal, provided it appears upon the face of the instrument that it was intended to be executed as the deed of the principal, and that the seal affixed to the instrument is *his seal* and not *the seal of the attorney or agent merely.*"

So GARDINER, C. J., lays down the rule in similar words: "When a party is sought to be charged upon an express contract, it must at least appear upon the *face of the instrument* that the agent undertook to bind him as principal." *De-Witt* v. *Walton*, 5 Seld., 571. See also *Spencer* v. *Field*, 10 Wend., 87.

In *Quigley* v. *DeHaas*, 82 Penn. St. Rep., 267, the defendants in error entered into a contract describing themselves as "representing the Clinton and Potter County Navigation Company of the first part," with a concluding clause—"In witness whereof we have hereunto set our hands and seals," and affixing their individual names and seals. They were declared personally bound, and this language is used by the court: "The action was well brought against Quigley and Bailey. Though they contract as agents for the benefit

of the Navigation Company, yet they do so under their own individual seals and hence become individually liable." In harmony with these views is the doctrine laid down by Judge STORY and Chancellor KENT. Story on Agency, § 153, *et seq.*; 2 Kent Com., 931.

In *Whitehead* v. *Reddick*, 12 Ired., 95, the body of the contract as well as the mode of subscription shows that the covenant was that of the "Albermale Swamp Land Company," for whom the plaintiff was acting, and the subject of the contract was the making shingles on the land of the company. The language employed in describing the parties is: " William B. Whitehead, for and on behalf of the Albemarle Swamp Land Company of the one part, and Burwell Reddick and Willis S. Reddick on the other part, do enter into the following agreement, * * * and in conclusion —In witness whereof William B. Whitehead, for and on behalf of the party of the first part, *being the Albermarle Swamp Land Company,* &c.," thus pointing out the principal to be bound, and such was the construction of the contract.

In *Oliver* v. *Dix*, 1 Dev. & Bat. Eq., 158, the bond was under seal and signed, " Thomas Dix, acting for James Dix," and RUFFIN, C. J., declares that " it is unquestionably the bond of Thomas and not of James. The former seals it and he speaks in it throughout, and the latter not at all." The same eminent judge, referring to a deed similarly executed in *Redmond* v. *Coffin*, 2 Dev. Eq., 437, lays down the rule in determining the liability of the party : " It is not material in what form the deed be signed, whether A. B. by C. D., or C. D. for A. B., *provided it appear in the deed* and by the execution that it is the deed of the principal. But what must appear, and the cases cited put that beyond doubt "—citing many cases.

This review leads to the conclusion that the bond now in suit imposes a personal obligation on the defendant, and not on the company nor on its president, neither of whom

is named in the body of the instrument, to pay the money specified and due under it. There is therefore error in the ruling of the court and the judgment of nonsuit must be set aside and a new trial awarded. This will be certified.

Error.           *Venire de novo.*