E. H. WHITSON, *Appellant*, v. C. D. OWENS AND MRS. C. D. OWENS, *Appellees.*

Opinion Filed January 5, 1928.

*McCune, Casey, Hiaasen & Fleming,* for Appellant;

*Baxter, Byrd & Walton,* for Appellees.

ADKINS, Circuit Judge:

This is an appeal from orders sustaining demurrers to an original and an amended bill of complaint and dismissing the bills.

The complainant, E. H. Whitson, exhibited his bill of complaint against C. D. Owens and Mrs. C. D. Owens, for the specific performance of an alleged contract for the sale of certain lots in Hollywood, Broward County, Florida, made between The Hollywood Investment Company, a corporation, and the complainant.

A demurrer was interposed to the bill and an order sustaining the demurrer and allowing the complainant to file an amended bill was entered.

An amended bill was filed incorporating certain paragraphs of the original bill and making reference thereto, leaving out paragraph three which contained a copy of the contract of sale between The Hollywood Investment Company and the complainant; the amended bill does not refer to same and does not contain or refer to said contract.

A demurrer was interposed to the amended bill and an order sustaining the demurrer and dismissing both bills was entered, from which the appeal was taken.

The complainant filed two assignments of error,

1. "The Court erred in sustaining the defendant's demurrer with leave to amend by the next rule day, which order was rendered on the 10th day of July, A. D. 1925, and recorded in Chancery Order Book, Volume 5, at page 239.

2. The Court erred in rendition of its Final Decree sustaining the joint and several demurrer of the defendants and dismissing the first amended bill of complaint, together with the original bill of complaint dated October 28, 1925, and recorded in Chancery Order Book, Volume 5, page 370."

The bill brought to enforce specific performance on the contract made by The Hollywood Investment Co., to the complainant was based on the following letter and telegrams passing between the Hollywood Investment Co. and the defendant, C. D. Owens.

"I would not be willing to put Lots One, Two, Three and Four of Block Twenty-five of Hollywood in exclusive sale; however, will sell at Eighty-five Hundred Dollars for the four lots net to me. The Boulevard lots I am sure will be more valuable later.

Yours respectfully,
DR. C. D. OWENS."

This letter purported to be written on July 14th, 1924.

On November 18, 1924, The Hollywood Investment Co. wired Dr. C. D. Owens as follows:

"Hollywood, Florida, November 18, 1924.
Dr. C. D. Owens,
1210 Scribner Avenue,
Grand Rapids, Michigan.

Wire immediately your best price and terms two Boulevard lots Block Eight, also four lots Block Twenty-four.
HOLLYWOOD INVESTMENT CO."

In reply to this telegram, Dr. C. D. Owens sent the following telegram:

"Grand Rapids, Mich., Nov. 20, 1924.
Hollywood Investment Co.,
Hollywood, Fla.

I have lots Thirty, Thirty-one and Thirty-two, on Boulevard that I intend to hold until I get Eight Thousand each net to me; four lots Block Twenty-five will sell for Nine Thousand net price, good until January first, with any reasonable terms.
DR. C. D. OWENS."

The bill alleges that C. D. Owens was the owner of the land described in the bill, and that on the 20th day of November, 1924, authorized the Holywood Investment Co. to offer for and sell the land on certain conditions as stated in the telegram of November 20th, 1924, to them from Dr. C. D. Owens; that under said authority, the Hollywood Investment Co. entered into the following contract with complainant for the sale of said land:

"Hollywood, Florida, December 1st, 1924.
THE  HOLLYWOOD  INVESTMENT  COMPANY agrees to sell and the undersigned E. H. Whitson agrees to buy as per wire offer under date of November 20th, 1924,

from the owner to the Hollywood Investment Company, the following described property: Lots 30, 31 and 32, block 8, Hollywood Central Section, and Lots 1, 2, 3 and 4, block 25, Hollywood Central Section, all of which is located in Section 15, Township 51, South, Range 42, East of Broward County, Florida.

THE PURCHASE PRICE of Lots 30, 31 and 32, block 8, Hollywood, is accepted as $26,400.00. The purchase price of Lots 1, 2, 3 and 4, block 25, Hollywood, is accepted as $9,900.00.

THE BUYER of said property has paid to the said Hollywood Investment Company $500.00 (Five Hundred Dollars) as good faith money, receipt of which is hereby acknowledged.

IT IS UNDERSTOOD that the owner of the above mentioned property will accept any reasonable terms as per his wire offer, with deferred payments secured by mortgage. It is also understood that the owner will furnish Warranty Deed and Merchantable Abstract as soon as same can be produced.

> HOLLYWOOD INVESTMENT COMPANY,
> BY I. N. BERRY, JR.
> E. H. WHITSON, Purchaser.

Witnesses:
>CLYDE B. ELLIOTT,
>VELMA L. ASPY.''

It is alleged that the complainant accepted the terms, conditions and provisions contained in said contract above set forth, and that he has always been ready, willing and able to comply with his part of the contract to be performed and had complied up to the date of the filing of the bill, with all of the covenants, terms and conditions on his part to be performed.

It is alleged that the defendant C. D. Owens agreed to furnish an abstract of title to the land, showing a merchantable title and to convey the same by warranty deed, but he refused to do either, and refused to carry out any part of the contract and informed complainant that he would not sell the property on any terms.

There are other allegations in the bill not necessary to consider, in order to dispose of the assignments of error.

As the two assignments of error question the sustaining of the demurrers to the original and amended bills of complaint and dismissing same, they will be considered together.

Giving the letter and telegrams passing between the defendant C. D. Owens and The Hollywood Investment Co., upon which the purported contract of sale was made by the Hollywood Investment Co. to the complainant, the most liberal construction, they only amounted to an offer to sell, by the defendant C. D. Owens, there being nothing whatever in the record to show that his offer of sale was ever accepted by any one and terms agreed upon, or that he ever authorized the Hollywood Investment Co. to act as his agent, to sell the land or secure a buyer for same.

It is a well settled principle of law, that an agent empowered to sell land is a "special agent," and those dealing with him in reference to such land are charged with notice of the terms and limitations of the authority of such agent to sell the same, and the authority of one who has assumed to act as agent of the owner in the execution of what purports to be a completed and binding executory contract for the sale of lands must be established as in any other case of agency.

Smith v. Shackleford et al., 110 Sou. Rep. 385. Letters or telegrams passing between parties may constitute adequate memorandum of the contract, under the statute of

frauds, and several letters, telegrams or other writings, signed by the party to be charged may be considered together, in supporting the essential elements of such memorandum as will satisfy the statute but the letter, telegrams and contract as set forth in the bill, do not comply with the requirements of the statute, as there is no reference to the amount of the initial cash payment, or amount, or time of the deferred payments.

"An executory agreement for the sale of land, which fails to describe or otherwise identify the land and name the purchase price and time of payment, is not enforceable in a court of equity."

Edwards v. Rives, 35 Fla. 89, 17 Sou. 416.

Aside from the entire absence of any contract for the sale of the land by the defendant to the complainant, or any authority from the defendant to The Hollywood Investment Co. to act as his agent in selling the lands, there is an absence of the necessary description of the land named in the telegrams.

"Where a bill for specific performance of an alleged contract to sell land does not show a sufficient description of the lands or a definite proposition agreed on for the sale of the lands, a demurrer to the bill of complaint should be sustained."

Casler v. Anderson, 107 Sou. 631.

Specific performance by judicial decree is not a matter of right, and the contract relations here shown does not warrant a decree of specific performance in equity, therefore,

It therefore appears to us that the orders of the chancellor sustaining the demurrers and dismissing the bill of complaint should be and the same is hereby affirmed.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the orders of the Circuit Court in this cause be, and the same are hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.