Mrs. N. B. Milledge, a widow, *Appellant,* v. E. M. Grus,
*Appellee.*
135 So. 910.
En Banc.
Decision filed July 21, 1931.
Petition for rehearing denied September 22, 1931.

*DeBlois Milledge,* for Appellant;
*Wilder & Jacobsen,* for Appellee.

Per Curiam.—This cause having heretofore been sub-
mitted to the Court upon the transcript of the record of
the final decree appealed from herein, and briefs and argu-
ment of counsel for the respective parties, and the record
having been seen and inspected, and the Court being now
advised of its judgment to be given in the premises, it
seems to the Court that there is no error in the said decree;
it is, therefore, considered, ordered and adjudged by the
Court that the said judgment of the Circuit Court be, and
the same is hereby affirmed.

Whitfield, Terrell, Brown and Davis, J.J., concur.

Buford, C.J., and Ellis, J., dissent.

Buford, C.J., Dissenting:—This was a suit for the can-
cellation and rescission of an executed contract for pur-
chase and sale of real estate filed by the vendee against the
vendor. It appeared that the vendee had paid $2300.00 of
the purchase price, which was $6900.00 and had given mort-
gage and notes for the balance. The vendee sought to have
the deed, mortgage and notes cancelled, the $2300.00 re-
turned together with interest thereon from date of payment,
and to have a lien declared against the property in favor of
the grantee to enforce the repayment of the amount paid
on purchase price, with interest. The bill alleges:

"That at the time your orator agreed to purchase said
premises, as aforesaid, the said premises were low, flat
lands, wholly or partly submerged by the waters of

Biscayne Bay, thereby rendering it wholly unfit and un-suited as a site for building purposes; that the defendant well knew this, and in consideration of the agreement to purchase by your orator as herein set forth, and as an inducement therefor, the said defendant, acting by and through her duly authorized agent, promised and agreed that the said premises would be bulkheaded and filled in on or before one year from the date of said option or agreement to purchase, otherwise, all the monies paid by your orator for said premises would be refunded to your orator. A true copy of said agreement is hereto attached, marked Exhibit ''B'' and made a part hereof as though set forth fully and at large.''

Exhibit ''B'' referred to in the foregoing paragraph was as follows:

''THE J. K. WILLIAMS COMPANY
Real Estate Investments
238 N. E. First Avenue
Miami, Florida.

December 12, 1925.

Mr. E. M. Grus,
R. 2, Box 387,
Lemon City, Florida.
Dear Sir:

In regard to your purchase of lot 28, Block 6, if the property is not bulkheaded and filled in on or before one year from date at your option, I will refund to you all moneys paid in by you for the above referred to lot. This lot and block are in Milledge Heights.

(Signed) J. K. Williams
SELLING AGENT
MILLEDGE HEIGHTS.''

Defendant answered the bill and incorporated in the answer demurrer hereto. On final hearing, demurrer was overruled and decree was entered in favor of complainant, who is appellee here. Defendant attached to her answer and made a part thereof the contract between the defendant and J. K. Williams. Under the terms of the contract Williams was not authorized to bind his principal to make any improvements whatever on the lands. The contract provided, amongst other things:

"The Developer hereby agrees to develope and improve the said property as per 'Schedule C' marked 'Schedule of Improvement' and signed by N. B. Milledge and J. K. Williams, and made a part hereof, which said developments and improvements are to be made at the sole expense of the developer and for which the owner of the property in question is not to be liable to any extent for the said improvements.

The Developer further agrees and guarantees the owner a net sum of at least One Million ($1,000,000.00) Dollars, upon which the said One Million ($1,000,000.00) Dollars, the mortgages delivered to the owner, less the 10% to be paid the Developer, as hereinbefore set forth, shall be a credit and upon which said One Million $1,000,-000.00) Dollars, the price of the lots marked 'Reserved by N. B. Milledge' shall also be a credit.

The Developer further agrees to pay all expenses for advertising, selling, improving and developing said property and to save harmless the owner by reason of his failure to do so."

The contract fixed the status of Williams as the special and limited Agent of the owner, Milledge, with authority to sell the lands described in the contract at the price and upon the terms named in the contract.

In Rhode, as Executor, etc., vs. Gallat, 70 Fla. 536, 70 Sou. 471, this Court held:

"It is well settled that an agent empowered to sell land and to bind his principal by a written memorandum or contract for its sale, is a special agent, and that all persons dealing with him for the purchase of such land are charged with notice of the terms and limitations of his authority as such agent to sell the same. And where the agent is authorized to sell land, one-fourth of the purchase price to be in cash, and the balance to be payable in one, two and three years with stipulated interest on the deferred payments, he transcends his authority when he makes a contract for its sale that provides that such deferred payments shall be made *on or before* one, two or three years respectively, and that such deferred payments may be made at any time at the option of the purchaser, and his principal is not bound by such unauthorized contract."

See Smith vs. Shackleford, 92 Fla. 731, 110 Sou. 359; Whitson vs. Owens, 94 Fla. 1201, 115 Sou. 512.

The complainant was, therefore, bound by notice that Williams had no authority to bind the owner to refund all or any part of the purchase money in the event that the property was not bulkheaded and filled in on or before one year from the date of the option of the purchaser.

In this case, however, there was no attempt to bind the owner or the principal. The letter upon which complainant relied to establish her right to a refund of the purchase price was written by Williams and signed "J. K. Williams, Selling Agent, Milledge Heights". Milledge Heights, it appears, was the name given to a subdivision in which the land was located. The vendor named in the deed was Mrs. N. B. Milledge. The undertaking to refund all moneys paid by the vendee in event the property was not bulkheaded and filled in on or before one year from the date of the option was a personal obligation of J. K. Williams and in no way attempted to bind anyone except J. K. Williams. The words appearing under his name, "Selling Agent, Milledge Heights" are mere *descriptio personarum*, as there is no attempt to bind any principal by the writer. See Manning vs. Embert, a Maryland case reported 95 Atlantic 64; Hall vs. Jamieson, 151 Cal. 606, 91 Pac. 518, 121 Am. St. Rep. 137; Partridge vs. Hollinshead, 105 Ga. 278, 30 S. E. 787; Bryson vs. Lucas, 84 N. C. 680, 37 Am. Rep. 436; Avery vs. Dougherty, 102 Ind. 443, 2 N. E. 123, 52 Am. Rep. 680.

For the reasons stated I am of the opinion the bill of complaint did not make a case against the defendant upon which the complainant was entitled to the relief prayed.

The demurrer should have been sustained and the bill dismissed, and it therefore becomes unnecessary to discuss other questions sought to be presented by this appeal.

ELLIS, J., concurs.