JOHN G. SHELTON vs. CHURCH'S ADM'RS., &C.

A contract for the conveyance of so much of any land the obligor might own, will not be enforced in equity. A specific performance will only be decreed where a specific thing is agreed to be conveyed.

## APPEAL from Clark Circuit Court.

HICKMAN & WELLS, *for Appellant, insist:*

1. That the bill has equity.
2. That the covenant is one of which the court can and ought to decree specific performance.
3. That the damages being liquidated, is no obstacle to specific performance—those damages having been relinquished.
4. That the administrators are the proper representatives to perform the covenant, under the direction of the court.
5. That the court erred in dismissing the bill.

SCOTT, J., *delivered the opinion of the Court.*

This is a bill for a specific performance of the following contract, entered into by Francis Church, during his lifetime, with John G. Shelton, the complainant:

" This indenture, made this twenty-eighth day of January, in the year eighteen hundred and forty-one, between Francis Church of Clark county, Missouri, and John G. Shelton, of the county of St. Louis, Missouri, witnesseth: That whereas the said Church has, by his deed of even date herewith, conveyed unto the said Shelton three hundred and twenty acres of land in the county of Clark, Missouri, and described in said deed, in consideration of three thousand two hundred dollars, which deed Julia Church, the wife of said Francis, has not executed—now, the said Francis Church, in consideration of the premises and of the above mentioned purchase money paid by said Shelton to said Church, does hereby covenant and agree, for himself, his heirs, executors and administrators, with the said Shelton, his representatives and assigns, that Julia, the wife of said Church, shall duly execute and acknowledge said deed in such manner as to convey her dower and all her interest in said premises at any time at the request of said Shelton; that the above lands are worth, at their fair market value, the above sum of thirty-two hundred dollars; that I will indemnify and save harmless the said Shelton, his representatives or assigns, against any loss he may sustain on account of said lands not being worth the said sum of thirty-two hundred dollars, at any time within five years of the date hereof; that if, at any time within five years from the date hereof, the said Shelton shall give me or my representatives six months notice in writing, that he, his representatives or assigns, are dissatisfied with the above referred to lands, I will, and my representatives

shall, convey to said Shelton, his representatives or assigns, by a good and sufficient warranty deed, free and clear from all incumbrances, out of any lands belonging to me or my estate, at a valuation to be fixed by three disinterested men to be selected by said Church and Shelton or their representatives, a quantity sufficient to amount to the above sum of thirty-two hundred dollars; and that if the said Church or his representatives shall fail to keep and perform or shall break any of the above mentioned covenants, he or they so being in fault, will pay to the said Shelton, his representatives or assigns, the sum of four thousand five hundred dollars liquidated damages.

In testimony whereof, the said parties have hereunto set their hands and seals, on this twenty-eighth day of January, in the year eighteen hundred and forty-one.

(Signed)    FRANCIS CHURCH,  [L. S.]
            JOHN G. SHELTON.  [L. S.]

Signed, sealed and delivered in presence of
    *John S. England* and *John M. Johnson.*"

The bill states that Church died seized of much land.   A demurrer to the bill was sustained.

A bill for a specific performance is an application to sound discretion. Such is the universal language of courts of equity on applications of this kind.   A specific performance of a contract is not a matter *ex debitate justitiae.*   A specific performance of a contract of sale is not a matter of course, but rests in the discretion of a chancellor, under a view of all the circumstances.   A court of equity must be satisfied that a claim for a specific performance is fair in all its parts, certain, and is for an adequate consideration and capable of being performed, before it will grant such relief.   If a court of equity refuses to interfere, it inflicts no injury on the party, for no decision is made which affects his right to proceed at law for the damages to which he may be entitled.   The dismissal of the bill only debars him from relief in equity.   2 Story's Equity, 54; Seymour vs. Delancy, 6 John. C., 220.

The case made out by the bill is not one for specific performance.   The distinction is between a contract for a thing in *specie* and one in *kind.*— Where a party contracts to deliver a specific and determinate thing, the plaintiff thereby acquires an interest in the thing itself—an interest a court of equity will protect by enforcing a specific performance.   Courts of equity decree the specific performance of contracts, not upon any distinction between realty and personalty, but because damages at law

may not in the particular case afford a complete remedy. Thus, a court of equity decrees a performance of a contract for land, not because of the real nature of land, but because damages at law may not be a complete remedy to the purchaser, to whom a specific tract of land may have a peculiar and special value. Judge Story says, "that courts of equity are in the habit of interposing to grant relief in cases of contracts respecting real property to a far greater extent than in cases respecting personal property, not indeed upon the ground of any distinction founded upon the mere nature of the property as real or personal, but, at the same time, not wholly excluding the consideration of such distinction. In regard to contracts respecting personal estate, it is generally true that no peculiar value is attached to any one thing over another of the same kind; a compensation in damages meets the full merits, as well as the full objects of the contract. If a man contract for the purchase of a hundred bales of cotton or boxes of sugar, or bags of coffee, of a particular description or quality, if the contract is not specifically performed, he may generally, with a sum equal to the market price, purchase other goods of the same kind of a like description and quality, and thus completely obtain his object and indemnify himself against loss. But in contracts respecting a specific messuage or parcel of land, the same considerations do not ordinarily apply. The locality, character, vicinage, peculiar soil or accommodations of the land generally, may give it a peculiar and special value in the eyes of the purchaser, and it cannot be replaced by other land of the same precise value or having the same precise local conveniences or accommodations, and therefore a compensation in damages would not be adequate relief."

From this view of the law governing the specific performance of contracts, it follows that the reasons which induce courts of equity to grant relief of this kind, are not applicable to the present case. No covenant was made to convey any specific tract of land, but any land which might be owned by the deceased five years from the date of the covenant, of such value as would make the lands formerly sold equal in value to $3200. Damages, in this case, would answer all the purposes of a specific performance.

The specific performance of a contract being a matter resting in the sound discretion of a court of chancery, there is nothing in this agreement at all adapted to conciliate the regard of chancellors.

That a man should purchase a tract of land at a given sum, and take a covenant that if within five years he is dissatisfied with his purchase, he should have other lands to make his purchase equal to its former value,

is a little strange! Its novelty is not accounted for in the bill. Such contracts should be left to their remedy at law..

The other Judges concurring, the decree will be affirmed..