JAMES WILLIAMS AND MARY WILLIAMS, APPELLANTS, VS. REBECCA J. MANSELL ET ALS., APPELLEES.

A bill by a purchaser will not lie to enforce the execution of a parol agreement for the sale of lands where it appears that the seller had no title, legal or equitable. The remedy is by a suit at law to recover the consideration paid or damages.

Appeal from the Circuit Court for Hillsborough county. The facts of the case are stated in the opinion.

*James T. Magbee* for Appellants.

*J. B. Wall* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

Complainants filed their bill in equity to enforce the specific performance of a parol agreement for the sale of land.

Wesley Mansell died in 1871 leaving his wife, Rebecca J. Mansell, and the other defendants, his children, surviving, except Charles A. Crowsom, who is the husband of Dulcina M. Crowsom. The other children are minors, and are not represented by guardian.

The bill alleges that Rebecca J. Mansell, the widow, was appointed administratrix in 1877, and that in 1875, she being in possession of the lands mentioned and assuming to own them, bargained and sold one town lot to the complainants for twenty-five dollars, which was paid to her, and she put them in possession, and they made valuable improvements thereon. Afterwards Mrs. Mansell sold them other lots in Tampa, and put complainants in possession thereof, and they paid for, occupied and made valuable improvements upon them. Mrs. Mansell agreed to make good titles to complainants of all her interest and her childrens' interest in the lots. After she was appointed administratrix Mrs. Mansell, as such, obtained an order from the County Judge for the sale of one of the lots so bargained, and sold that lot to another party.

Complainants pray that Mrs. Mansell and the children be decreed to perform the agreement so made by Mrs. Mansell, and that they be decreed to convey the said lots (except that sold to another party) to complainants, and that they be decreed to pay for the lot so sold to the third party.

The Chancellor, upon motion of appellees, dismissed the bill for want of equity, and complainants appeal.

There was attached to the bill as exhibits certain deeds as showing the status of the title to some of said lots. Neither of these deeds show that the title ever was in Wesley Mansell or his wife, Rebecca J. Mansell. The bill does not show that the title was in either of them at any time, and utterly fails to show that Mrs. Mansell has, or ever had, any interest which she could sell and convey. The only allegation as to her interest is that she " used, treated and managed all the property which was in her and her husband's possession at the time of his death as her own separate property, and that it was not regarded in any other light by your orator and oratrix, and they believe and so charge that she did not intend to regard it in any other light." It is not shown that she had even a right of dower in any of the lots.

If there was any title in Wesley Mansell at the time of his death, it doubtless passed to his children, all but one of whom are minors, and neither of them were parties to the agreement, and, of course, were not bound by the contract of Mrs. Mansell. She had no more legal power to sell their supposed interest in the lands than she had to sell the property of any of her neighbors.

It is alleged that these complainants paid the consideration for which Mrs. Mansell sold them these lots in goods, provisions and supplies actually used for the support and maintenance of herself and the children, but this gives her no right to bargain away their title or interest in the lots.

The general rule is that if one contract to sell and convey lands it is implied that a good title is intended to be conveyed, and that a vendor cannot defend against a suit to compel a conveyance on the ground that his own title is defective. Here, however, by the complainants' bill, it is shown that the widow Mansell had no title whatever, and has nothing to convey, so that a decree against her would

be fruitless, the complainant would get nothing ; not even her dower right is established and set off to her.

The agreement of Mrs. Mansell to convey is shown by the bill to have been her contract to pay for the goods sold and to be sold to her by complainants by deeding them the lots. Not having the power to carry out this agreement she is liable as a debtor for the amount so paid to her. See Brown's Statute of Frauds, 4 Am. Ed., §118. She was not an administratrix at the time of entering into the agreemant, and could have no shadow of power to bind the heirs by any contract to sell.

These complainants, with the records of titles accessible, have made a foolish bargain, which they might have avoided by examining the titles to the lots. The court of equity is powerless to help them out of their apparent embarrassment.

The decree dismissing the bill for want of equity is affirmed.