WILLIAM A. PATRICK, APPELLANT, VS. WILLIAM J. SEARS, APPELLEE.

A bill to enforce specific performance of a written contract for the sale of land which does not describe or in any manner identify the land to be conveyed, otherwise than "near Kissimmee City, in Orange county, to be selected by his (purchaser's) agent," cannot be sustained. Parol evidence cannot be admitted to supply a description of land not identified in the writing.

Appeal from the Circuit Court for Orange county.
The facts of the case are stated in the opinion.

*St. Clair Abrams & Summerlin* for Appellant.

*Hammond & Jones* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Sears filed his bill in equity against Patrick to enforce the specific performance of the following contract:

"I have agreed to sell W. J. Sears five acres of land near Kissimmee City, in Orange county, Florida, for one hundred dollars, to be selected by his agent. January 13, 1882.                                        W. A. PATRICK."

Sears appointed W. J. White as his agent to select the land. White selected the five acres and notified Patrick in writing that he had selected it, describing the land selected, and as the agent of Sears tendered one hundred dollars in payment and demanded a deed. Patrick refused to take the money or to give a deed.

Patrick demurred to the bill for want of equity. The Chancellor overruled the demurrer, and from this order the appeal is taken.

This is not such an agreement as may be enforced in equity, because the land is not identified in it, nor did either party contemplate any particular five acres. It could only be ascertained by the action of the agent chosen to select it, and proved by the testimony of the agent or other witnesses.

In Parteriche vs. Powlett, 2 Atk., 383, Lord Hardwicke says: " To add anything to an agreement in writing, by admitting parol evidence which would affect lands, is not only contrary to the statute of frauds and perjuries, but to the rule of the common law before that statute was in being." In the case of Brodie vs. St. Paul, 1 Ves. Jr., 326, Mr. Justice Buller says: " The question here is, what is the agreement? The whole depends upon parol. If the agreement is certain, and explained in writing, signed by the parties, that binds them; if not, and evidence is necessary to prove what the terms were, to admit it would effectually break in upon the statute and introduce all the mischief, inconvenience and uncertainty the statute was designed to prevent." And see Clinam vs. Cooke, 1 Sch. & Lefroy, 22, decided by Lord Redesdale. A specific performance will only be decreed where a specific thing is agreed to be conveyed. Shelton vs. Church, 10 Mo., 774.

If the agreement does not point out and identify the premises it is too vague and uncertain to be enforced, and

the defect is such that parol proof cannot aid the instrument. Dobson vs. Litton, 5 Coldw., 616 ; McGuire vs. Stevens, 42 Miss., 724 ; Holmes vs. Evans, 48 Miss., 247 ; Miller vs. Campbell, 52 Ind., 125 ; Baldwin vs. Kerlin, 46 Ind., 426 ; Johnson vs. Craig, 21 Ark., 533 ; Parkhurst vs. Van Courtlandt, 1 John. Ch., 281 ; Blair vs. Snodgrass, 1, Sneed, 1 ; Wait's Actions and Def., 798, §2 ; Fry on Spec. Perf. of Con., §362, n. 17 ; Waterman on Spec. Perf., 203, §154 ; 1 Greenl. on Ev., §268 ; and the very numerous cases cited in these text books.

Another fatal objection to the bill is, that it does not appear that Patrick owned or had power to convey any land near Kissimmee City. Williams vs. Mansell, 19 Fla., 546.

The decree overruling the demurrer is reversed, and the cause is remanded with directions to sustain the demurrer and dismiss the bill.