## ALBERT L. GORTER *vs.* CAROLINE P. GALE.

*Specific Performance—Vague and Uncertain Agreement.*

Appeal from a decree of the Circuit Court of Baltimore City (DENNIS, J.), dismissing the bill of complaint. *Affirmed.*

The bill asked for the specific performance of the following contract :

" This agreement, made this second day of December, 1896, between H. C. Turnbull, Jr., agent for Caroline P.

Gale (widow), of the first part, and Albert L. Gorter, of the second part: Witnesseth, that the said party of the first part does hereby bargain and sell unto the said party of the second part, and the latter doth hereby purchase from the former the following described property, situated and lying in Rockingham County, State of Virginia, consisting of thirteen thousand six hundred and fifty (13,650) acres, more or less, of timber land and the improvements thereon. At and for the price of five thousand dollars, of which five dollars ($5.00) have been paid prior to the signing hereof, and the balance to be paid as follows: The following ten houses on east side of Guilford avenue, in the city of Baltimore, and known as numbers 1203-5-7-9-11-13-15-17-19 and 1221 Guilford avenue. Lots 15x84. Ground rent on first six lots, $165 each, and on last four lots, $150 each. Eight of above houses subject to mortgages of $1,000.00 each, and the remaining two subject to mortgages of $1,275 each. And upon payment as above of the unpaid purchase money, a deed for the property shall be executed at the vendee's expense by the vendor, which shall convey the property by a good and merchantable title to the vendee. Taxes and all other expenses on the property sold and the property taken in exchange to be adjusted to January 1st, 1897."

The Court said: "It is apparent that the terms of this contract in regard to the subject-matter—the land in Virginia—are so vague and uncertain that according to long and well-settled principles no Court of Equity will enforce it. The land in Virginia as described in the contract may be in any part of the county named. It is impossible to locate or designate it. But in addition to this it appears from the contract that the consideration to be paid for the Virginia lands is five thousand dollars, of which five dollars had been paid in cash and the balance, that is, $4,995, was to be paid by the conveyance of the property on Guilford avenue in Baltimore city. Both parties agree that they never intended to make any such contract and the result is that unless a Court of Equity will made a contract, for the parties different from that which they make themselves, the

decree dismissing the bill must be affirmed." *Waters* v. *Howard*, 8 Gill, 262 ; *Smith* v. *Crandall*, 20 Md. 482 ; *Hopkins* v. *Roberts*, 54 Md. 312 ; *Stoddard* v. *Bowie*, 5 Md. 28 ; *Myers* v. *Forbes*, 24 Md. 614.

Opinion by FOWLER, J., filed January 4th, 1898. *H. Arthur Stump*, for the appellant. *H. B. Stimpson* for the appellee.

