PAUL P. RHODE, AS EXECUTOR OF THE ESTATE OF JOHN POLASKI, DECEASED, *Appellant*, v. FRANK GALLAT, *Appellee*.

Opinion filed Dec. 16, 1915.

Rehearing denied Jan. 12, 1916.

SPECIFIC PERFORMANCE—AGENT FOR SALE OF LAND CANNOT BIND PRINCIPAL BY AN ACT BEYOND THE LIMITATIONS OF HIS AUTHORITY—WRITTEN MEMORANDUM FOR SALE OF LAND MUST DEFINITELY DESCRIBE LAND—AGENT WITH GENERAL AUTHORITY TO SELL LAND HAS NO POWER TO BIND HIS PRINCIPAL BY A WRITTEN MEMORANDUM OR CONTRACT OF SALE, UNLESS SPECIALLY AUTHORIZED SO TO DO. AN AGENT WITH AUTHORITY TO BIND HIS PRINCIPAL IN A CONTRACT FOR THE SALE OF LAND, IS A SPECIAL AGENT, AND ALL PERSONS DEALING WITH HIM FOR THE PURCHASE OF SUCH LAND

ARE CHARGEABLE WITH FULL NOTICE OF ALL THE TERMS AND LIM-
ITATIONS OF HIS AUTHORITY AS' SUCH AGENT, AND ARE BOUND
THEREBY.

1. It is well settled that an agent empowered to sell land and to bind his principal by a written memorandum or contract for its sale, is a special agent, and that all persons dealing with him for the purchase of such land are charged with notice of the terms and limitations of his authority as such agent to sell the same. And where the agent is authorized to sell land, one-fourth of the purchase price to be paid in cash, and the balance to be payable in one, two and three years with stipulated interest on the deferred payments, he transcends his authority when he makes a contract for its sale that provides that such deferred payments shall be made *on or before* one, two and three years respectively, and that such deferred payments may be made at any time at the option of the purchaser, and his principal is not bound by such unauthorized contract.

2. The written memorandum for the sale of land required by the statute of frauds cannot rest partly in writing and partly in parol, but the written memorandum must disclose all the terms of the sale.

3. It is also well settled that specific performance will not be enforced where the contract does not designate with certainty the lands to be conveyed, and that parol proof is inadmissible to supply a description of the land not identified in the writing. The description of the land to be conveyed is one of the most essential parts of an agreement to sell. Such contract must be in writing, and must contain such description of the land either in terms or by reference, that the property may be identified without resort to parol evidence; and specific performance will not be decreed of any agreement, unless the parties have described the land to be conveyed in their agreement, or unless it furnishes the means by which it can be identified with reasonable certainty.

4. A real estate agent or broker in whose hands an owner places lands for sale, or who is employed to sell lands, does not thereby acquire authority to bind his principal by signing an agreement of sale of such lands. The inference that such real estate agent or broker has been endowed by his principal with authority to bind him in a written agreement of sale cannot be drawn from circumstances entirely consistent with his employment as a mere agent and broker, nor without other circumstances clearly indicating the grant of such greater authority.

Appeal from Circuit Court, Dade County; H. P. Branning, Judge.

Reversed with directions to dismiss the bill.

*L. R. Bailey* and *A. J. Rose,* for Appellant;

*Geo. A. Worley & Son* and *Jones & Mitchell,* for Appellee.

TAYLOR, C. J.—The appellee, Frank Gallat, filed his bill in equity in the Circuit Court of Dade County, against the appellant, Paul P. Rhode, as executor of the estate of John Polaski, deceased, for specific performance of an alleged contract for the sale of real estate. The cause was referred to a master to take testimony, who reported the testimony to the court, and the court below at the final hearing on the pleadings and testimony granted a final decree for specific performance as prayed for in the bill, and from this final decree the defendant below has appealed to this court.

The complainant below based his application for specific performance upon the following written instrument:

"Miami, Florida, Jan. 21, 1913.

"Received of Frank Gallat Five Hundred ($500.00) Dollars to apply on the purchase price of a tract of land owned by John Polaski, deceased, I being the Agent and Atty. of Paul P. Rhode his executor and empowered by said Paul P. Rhode, executor, to sell said tract of about 66½ acres more or less.

"The purchase price to be $15,000 which is to be paid as follows, viz: ¼ to be paid on delivery of deed and abstract less $500.00 paid above.

$3,750.00 to be paid on or before 1 year from date of deed.

$3,750.00 to be paid on or before 2 years from date of deed.

$3,750.00 to be paid on or before 3 years from date of deed.

It being understood the whole sum may be paid at any time. All unpaid sums to bear interest at the rate of eight per cent and to be secured by mortgage.

| Signed and sealed in | P. L. RYAN, |
| presence of | E. A. MOLKENTINE." |

This instrument was made by P. L. Ryan claiming to be the agent of Paul P. Rhode, executor of the estate of John Polaski, deceased, and empowered orally by the said executor to sell the land in question. When questioned as to his authority to sell the same, P. L. Ryan testified distinctly that Rhode, the executor, gave him authority orally to sell the same on the following terms, viz: "The sale was to be not less than ¼ down and the balance One, Two and Three years at 8 per cent interest on deferred payments."

It is well settled that an agent empowered to sell land

is a special agent, and that all persons dealing with him in reference to such land are charged with notice of the terms and limitations of his authority as such agent to sell the same.  And where the agent is authorized to sell land one-fourth of the purchase price to be paid in cash, and the balance payable in one, two and three years with interest on the deferred payments at 8 per cent per annum, he transcends his authority when he makes a contract for its sale that provides that such deferred payments shall be made *on or before* one, two and three years respectively, and that such deferred payments may be made at any time, and his principal is not bound by such unauthorized contract.  Jackson v. Badger, 35 Minn. 52, 26 N. W. Rep. 908; Hartenbower v. Uden, 242 Ill. 434, 90 N. E. Rep. 298, 28 L. R. A. (N. S.) 738.  In which cases it is held that the written memorandum for the sale of land required by the  statute of frauds  cannot rest partly in writing and partly in parol, but the written memorandum must disclose all the terms of the sale. Monson v. Kill, 144 Ill. 248, 33 N. E. Rep. 43; Oliver v. Sattler, 233 Ill. 536, 84 N. E. Rep. 652; Swift v. Erwin, 104 Ark. 459, 148 S. W. Rep. 267, 33 Ann. Cas. 363; Balkema v. Searle, 116 Iowa 374, 89 N. W. Rep. 1087; 1 Mechem on Agency (2nd ed.) §807 and authorities there cited; Halsey v. Monteiro, 92 Va. 581, 24 S. E. Rep. 258.  It is further well settled that specific performance will not be enforced where the contract does not designate with certainty the lands to be conveyed, and that parol proof is inadmissible to supply a description of the land not identified in the writing.  Patrick v. Sears, 19 Fla. 856; Carr v. Passaic Land Improvement & Building Co., 22 N. J. Eq. 85; Fordyce Lumber Co. v. Wallace, 85 Ark. 1, 107 S. W. Rep. 160; McGuire v. Stevens, 42 Miss. 724, 2

Am. Rep. 649. In the case of Breaid v. Munger, 88 N. C. 297, it is held that a contract of purchase of land will not be specifically executed, where the memorandum thereof contains the words "one hundred acres," but fails to describe its boundaries. This imperfect description is a fatal defect, and cannot be aided by parol evidence. Omaha Loan & Trust. Co. v. Goodman, 62 Neb. 197, 86 N. W. Rep. 1082. In the case of Eaton v. Wilkins, 163 Cal. 742, 127 Pac. Rep. 71, it is held that: "The description of the land to be conveyed is one of the most essential parts of an agreement to sell. Such contract must be in writing * * * and must contain such description of land either in terms or by reference, that the property may be identified without resort to parol evidence." Cole v. Cole, 99 Miss. 335, 54 South. Rep. 953, 34 L. R. A. (N. S.) 147; Shelton v. Church, 10 Mo. 774; Nippolt v. Kammon, 39 Minn. 372, 40 N. W. Rep. 266; Knight v. Alexander, 42 Oregon 521, 71 Pac. Rep. 657. In the case of Hammer v. McEldowney, 46 Pa. St. 334, it is held that: "It is a rule in equity that the specific performance of a contract will not be decreed unless its terms are clear and capable of ascertainment from the instrument itself." Gorter v. Gale, 86 Md. 687, 39 Atl. Rep. 527; Clayton v. Newberry, 138 Ga. 738, 76 S. E. Rep. 63. In the case of Jones v. Carver, 59 Texas 293, it is held that specific performance will not be decreed of any agreement, unless the parties have described the land to be conveyed in their agreement, or unless it furnishes the means by which it can be identified with reasonable certainty. Barnes v. Rea, 219 Pa. St. 287, 68 Atl. Rep. 839; Miller v. Campbell, 52 Ind. 125; Hamilton v. Harvey, 121 Ill. 469, 13 N. E. Rep. 210; Estes v. Winn, 136 Ga. 344, 71 S. E. Rep. 470; Holmes v. Evans, 48 Miss. 247, 12 Am.

Rep. 372. The only description given of the land in the memorandum or receipt made the basis of this suit for specific performance is the following: "A tract of land owned by John Polaski deceased of about 66½ acres more or less." Neither the county or the State, nor the section, township or range where it is located is given in the writing sought to be specifically enforced.

In the case of O'Reilly v. Keim, 54 N. J. Eq. 418, 34 Atl. Rep. 1073, it is held that: "A real estate agent or broker in whose hands an owner places lands for sale, or who is employed to sell lands, does not thereby acquire authority to bind his principal by signing an agreement of sale of such lands. The inference that such real estate agent or broker has been endowed by his principal with authority to bind him in a written agreement of sale cannot be drawn from circumstances entirely consistent with his employment as a mere agent and broker, nor without other circumstances clearly indicating the grant of such greater authority." To the same effect is the case of Ballou v. Bergsvendsen, 9 N. D. 285, 83 N. W. Rep. 10, and Brandup v. Britten, 11 N. Dak. 376, 92 N. W. Rep. 453. Upon the strength of these last cited authorities, and on the proofs in the case we do not think that it has been clearly shown that the agent Ryan here had the authority to bind his principal Rhode by a contract of sale, but at best that said land was merely listed with him for sale as a real estate broker or agent with authority merely to find a purchaser at a stipulated commission as his remuneration. But, however, this may be we think the court below was clearly in error in decreeing specific performance upon the two grounds first herein discussed, viz: The transcending of his authority, if he had any, by the agent in making the deferred payments to be *on or before* one,

two and three years at the option of the purchaser; and the total lack in the written memorandum or receipt of any definite description of the land involved. An effort was made by the appellee by an amendment to his bill to remedy this defect in the description of the land by showing that he was put in possession of the land actually sold to him by the agent, and also by an effort to show part performance by him of his contract of purchase, and by making improvements on the property. As to his being put into possession of the land actually bought by him, this cannot avail him, since he must stand or fall in a court of equity for specific performance upon what is contained between the four corners of his written memorandum of sale, and cannot supply a defective description therein by parol proof of anything not specifically referred to therein. As to his claim of part performance and improvements upon the property, the proofs show that he had paid only the sum of $500 out of a total of $15,000, and that this small payment was made to the agent with whom he dealt, and this payment has never been received by the principal, and if he has made any improvements on the property he did so at his peril since the appellant promptly repudiated the entire transaction by telegram and by letter as soon as notified thereof, within three or four days after the alleged sale.

For the reasons stated the decree of the court below in said cause is hereby reversed at the cost of the appellee, with directions that the appellant be discharged without day, and the appellee's bill dismissed.

SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.