J. L. HOLMBERG, *Appellant*, v. ALBERT H. QUECK, *Appellee*.

Division A.

Opinion Filed November 2, 1925.

1. A real estate agent or broker in whose hands an owner places lands for sale, or who is employed to sell lands, does not thereby acquire authority to bind his principal by signing an agreement of sale of such lands. The inference that such real estate agent or broker has been endowed by his principal with authority to bind him in a written agreement of sale cannot be drawn from circumstances entirely consistent with his employment as a mere agent and broker, nor without other circumstances clearly indicating the grant of such greater authority. Rhode v. Gallat, 70 Fla. 536, 70 South. Rep. 471.

2. A real estate agent or broker, in whose hands an owner places lands for sale, has no right to conclude and execute in his own name a formal contract binding upon the owner unless such power is expressly conferred upon such agent.

3. An agent or broker empowered to sell land and to bind his principal by a written memorandum or contract for its sale, is a special agent, and all persons dealing with him for the

purchase of such land are charged with notice of the terms and limitations of his authority as such agent to sell the same. Rhode v. Gallat, *supra*.

An Appeal from the Circuit Court for Dade County; A. J. Rose, Judge.

Affirmed.

*Kurtz & Reed,* for Appellant;

*Price, Price & Neeley,* for Appellee.

WEST, C. J.—This is a suit for the specific performance of an alleged contract to convey certain described real estate. The appeal is from an order sustaining a demurrer to an amended bill of complaint. The assignment of error is the order sustaining the demurer and dismissing the bill.

The bill alleges that the defendant was the owner of the property described; that acting through his agent, F. E. Hunt; who was, by the defendant, duly authorized to act in that capacity, he agreed to sell the property described to complainant for a stated sum; and that the complainant agreed with the said agent to pay the agreed purchase price therefor, and did, pursuant thereto, pay to him, on account of said purchase price, as earnest money to bind said sale, the sum of $200. Attached to the bill is a certified copy of the contract for sale, signed by the complainant, as purchaser, and by the agent of defendant, and a copy of the alleged authority of the agent to act on behalf of the defendant in making the sale, all of which is made a part of the bill. It is further alleged that the defendant refused to execute a deed to complainant in accordance with the agreement, although defendant is ready, able and willing to complete said purchase.

The prayer is that the defendant be decreed to specifi-
cally perform said agreement, entered into in his behalf by
said agent with complainant, and for general relief.

The alleged authority of the agent to act on behalf of de-
fendant, is as follows:

"December 27, 1920.

"Mr. F. E. Hunt,

      "Box 80, Miami, Fla.

"Dear Sir:

"In reply to your letter of December 15, 1920, in regards
to my lot No. 3, block 9, I wish to inform you that I will take
Three Thousand ($3,000.00) Dollars net for it. You may
add your commissions to this amount.

"I am also placing the same lot in other agents hands.

"Yours respectfully,·

"ALBERT H. QUECK."

The grounds of the demurrer are, that it does not appear
from the allegations of the bill that the said agent was au-
thorized to execute the contract sought to be enforced; that
it affirmatively appears that the only authority which said
agent had, was that of real estate agent, having property
listed with him for sale, and the said listing did not author-
ize the agent to execute any contract for sale of the prop-
erty, binding upon the defendant; that the listing was not
exclusive, and did not authorize the agent to receive any
moneys for and on behalf of the defendant in payment for
said property.

The contention of appellant is clearly fallacious. The
theory upon which the suit is brought is the enforcement of
an alleged contract to sell land, made by an agent, and
although the bill alleges in substance that the agent was
duly authorized to make the contract sought to be enforced,

this allegation is negatived by the letter made a part of the bill containing his authority.

Whether complainant may have other relief is not presented by this record, but clearly upon the adjudicated cases the authority of the agent did not authorize him to enter into a binding contract on behalf of defendant, his principal, with complainant to sell the land described.

The rule seems to be well settled in this and other jurisdictions that a real estate agent or broker in whose hands an owner places lands for sale does not thereby acquire authority to bind his principal by signing an agreement of sale. The agent has no right to conclude and execute a binding contract unless such power is expressly conferred by the use of unequivocal language to that effect. 4 R. C. L. 262; Rhode v. Gallat, 70 Fla. 536, 70 South. Rep. 471; O'Reilly v. Keim, 54 N. J. Eq. 418, 34 Atl. Rep. 1073; Ballou v. Bergvendsen, 9 N. D. 285, 83 N. W. Rep. 10; Bandrup v. Britten, 11 N. D. 376, 92 N. W. Rep. 453.

The authority to sell in this case does not confer authority upon the agent to enter into a formal contract in his own name, binding upon his principal the owner, to sell.

So the order appealed from is affirmed.

Affirmed.

ELLIS AND TERRELL, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.