GEORGE E. CASLER, *Appellant*, v. CHARLES J. ANDERSON, *Appellee*.

Division B.

Opinion Filed March 11, 1926.

*W. B. Crawford*, for Appellant;

*B. Wofford Wait* and *T. C. Cork*, for Appellee.

WHITFIELD, P. J.—The court overruled a demurrer to a bill of complaint seeking the specific performance of an alleged contract to sell real estate and the defendant appealed.

The alleged contract consists of the following communications: Telegram March 18, 1925. "Have offer sixty dol-

lars acre for your land at Manscott. Will you accept. Wire our expense." March 19, 1925. Reply. "Will accept your offer." March 21, 1925. "Make deed to Chas. J. and Mamie J. Anderson and send to First National Bank of Clearmont also abstract." April 13, 1925. "We have not heard anything from you in response to our wire of March 18 and 21st or the First National Bank of Clearmont.

"At the time we had another party that would take the land and pay cash, but we will not be able to close now for any more than half cash and the balance in one year at 8%. This will suit me better.

"Kindly let us hear from you and advise us when you send the papers to the bank and as soon as they are received and the title looked into I will honor your draft."

April 21, 1925. "Yours of April 13th received. In reply will say I prefer to sell my land for cash. So will keep it for the present." May 22, 1925. "Our original offer and your acceptance was on the basis of cash, and because some parties would rather hold part of their money in the property and receive interest, I asked you if you would care to take one-half cash and one-half in one year.

"However that is not necessary as we have had the money ready for some time, so kindly send your deed together with draft for $2300.00 to the First National Bank of Clearmont, Clearmont, Florida, and as soon as we have looked up the title we will release the money.

"Enclosed find our check for $100.00 to show our good faith. Make the deed to Chas. J. Anderson and Mamie J. Anderson, as formerly instructed in the telegram."

May 26, 1925. "I return to you herewith your letter of May 22, 1925, with the enclosure contained therein. Please refer to my letter of April 13th last."

Aside from the entire absence of any description of the

land, the acceptance of the first offer was not insisted on but a counter proposition was made on April 13th which was not accepted. Specific performance by judicial decree is not a matter of right, and the contract relation here shown does not warrant a decree of specific performance in equity, therefore the demurrer to the bill of complaint should have been sustained.

Reversed.

TERRELL AND BUFORD, J. J. Concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.