MINNIE L. KINGSTON, ET AL., *Appellants*, v. SARAH F. BOONE, *Appellee*.

Division B.

Opinion Filed August 5, 1926.

1. Specific performance will not be enforced where the contract does not designate with certainty the lands to be conveyed, and that parol proof is inadmissible to supply a description of the land not identified in the writing.

2. The description of the land to be conveyed is one of the most essential parts of an agreement to sell.

3. Specific performance will not be decreed of any agreement, unless the parties have described the land to be conveyed in their agreement, or unless it furnishes the means by which it can be identified with reasonable certainty.

An Appeal from the Circuit Court for Orange County; Frank A. Smith, Judge.

Affirmed.

*Tilden, Sherman & Hays* and *Dickinson & Dickinson,* for Appellants;

*Maguire & Voorhis,* for Appellee.

PER CURIAM.—The appeal in this case is from a final decree dismissing the bill of complaint.

Suit was for Specific Performance of an alleged contract for the purchase and sale of real estate.

A decree was entered after testimony had been taken. The description contained in the contract is in the following words to-wit: "The............or parcel of ground,

situated in the County of Orange, State of Florida, known and described as follows, to-wit:

As the Boones Revision of the City of Orlando, Fla., consisting of two or more acres on which are two frame dwellings, said property facing on Irvin St., Grace St., and Macey St.''

There is no proof of delivery of the property to the proposed purchaser.

In the case of Rhode v. Gallet, 70 Fla. 536, 70 South. Rep. 471, this Court held:

''It is also well settled that specific performance will not be enforced where the contract does not designate with certainty the lands to be conveyed, and that parol proof is inadmissible to supply a description of the land not identified in the writing. The description of the land to be conveyed is one of the most essential parts of an agreement to sell. Such contract must be in writing, and must contain such description of the land either in terms or by reference, that the property may be identified without resort to parol evidence; and specific performance will not be decreed of any agreement, unless the parties have described the land to be conveyed in their agreement, or unless it furnishes the means by which it can be identified with reasonable certainty.''

Upon authority of the opinion in the case above cited the judgment in the instant case should be affirmed. And it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur;

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.