F. J. HAMMOND, *Appellant,* v. FREDERICK HACKER, *Appellee.*

Division B.

Opinion Filed January 25, 1927.

A contract to convey land will not be specifically enforced in equity when the only description of the land is "Key Hotel on W. S. of Lake Johnson, being Block 34, Town of Hawthorne, and about 6 acres east thereof, containing 10 acres, more or less," no state or county being designated and there being no description of the "6 acres east."

A Writ of Error to the Circuit Court for Alachua County; A. V. Long, Judge.

Reversed.

*Malcolm R. Williams* and *Zach H. Douglas,* for Appellant;

*Dowda & Canon,* for Appellee.

WHITFIELD, P. J.—This appeal is from an order overruling a demurrer to a bill of complaint brought to enforce specific performance of the following instrument in writing:

"F. J. Hammond agrees to sell to Fred'k Hacker his property known as the Kea Hotel on W. S. of Lake Johnson, being Block 34, Town of Hawthorne, and about 6 acres O. K. F. H.

east thereof, containing 10 acres, more or less, with the hotel building thereon, free of all encumbrances, at a price F. J. H.

of four thousand five hundred ($4,500.00) dollars—on following terms:

"$ 25 herewith (receipt of which is acknowledged).

"$  475  Jan. 15/1926.

O.K.F.H.  "$1,000  "  15/1927.

F.J.H.  "$1,000·  "  15/1928.

"$1,000  "  15/1929.

"$1,000  "  15/1930.

"On receipt of pay't due Jan. 15/1926, the seller will deliver a Warranty Deed—and accept a mortgage for balance due.

"Interest at 6% to be paid in advance on unpaid balances starting Jan. 15/1926.

"Seller will furnish buyers with Abstracts of Title by August 15, latest.

                                    F. J. HAMMOND,
Witness                             FRED'K  HACKER.
L. E. WADSWORTH."

In suits to enforce the specific performance. of contracts for the sale of real estate the rule is, that the contract or memorandum must identify or point out a special tract of land as within the minds of the parties, and intended to be conveyed. It must so describe the land as it can be found, or located, or in other words, there must be such a description as can be applied to a particular piece of land as the subject of the contract. A detailed description is not necessary. Where the description shows that a particular tract as distinguished from other lands is meant, then parol evidence can be resorted to to apply the description, or identify, or locate the land, though the description be somewhat general. However precise the description, a resort to parol evidence for such purpose is always necessary to apply it, or ascertain the land described. This is not adding anything to the terms of the agreement or memorandum, and consequently not a violation of the statute. Lente v. Clarke, Adm'x, 22 Fla. 515, text 520.

The written memorandum for the sale of land required by the statute of frauds cannot rest·partly in writing and partly in parol, but the written memorandum must disclose all the terms of the sale.

It is well settled that specific performance will not be enforced where the contract does not designate with certainty the lands to be conveyed, and that parol proof is inadmissible to supply a description of the land not identified in writing. The description of the land to be conveyed is one of the most essential parts of an agreement to sell. Such contract must be in writing, and must contain such description of the land either in terms or by reference, that the property may be identified without resort to parol evidence; and specific performance will not be decreed of any agreement, unless the parties have described the land to be conveyed in their agreement, or unless it furnishes the means

by which it can be identified with reasonable certainty. Rhode v. Gallat, 70 Fla. 536, 70 South. Rep. 471; Preston v. Preston, 95 U. S. 200; Florida Chancery Jurisprudence, 424.

In Simmons v. Tobin, 89 Fla. 321, 104 South. Rep. 583, the description of the land in one of the written instruments constituting the contract was: ''The following described premises, situated and being in the city of Miami, County of Dade and State of Florida, to-wit: The Esmeralda Hotel property, situated at the southwest corner of North Bay Shore Drive and Northeast 5th Street.''

In this case the memorandum is not dated at any place and no State or county is mentioned. The property is not so described that it may with certainty be identified by means of the writing which is incomplete and insufficient as a description of the land for purposes of specific performance. See Patrick v. Sears, 19 Fla. 856, Swisher v. Conrad, 76 Fla. 644, 80 South. Rep. 564; Casler v. Anderson, — Fla. —, 107 South. Rep. 631; Smith v. Waldron, — Fla. —, 107 South. Rep. 365; Dixie Naval Stores Co. v. German-American Lumber Co., 76 Fla. 339, 79 South. Rep. 836; Rhode v. Gallet, *supra*, Hoagland v. Williams, 107 So. 654. The facts are essentially different from those in Ausley v. Graham, 73 Fla. 388, —So. Rep. —. See also Alton Beach Realty Co. v. Henderson, filed August 21, 1926.

Reversed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.