ROBERT E. REED and PEARL H. REED, *Appellants*, v. O. D. HOWELL and ERNEST HOWELL, Co-partners as HOWELL BROTHERS, *Appellees*.

Division A.

Opinion filed August 1, 1928.

*A. B. McMullen*, for Appellants;

No appearance for Appellees.

ELLIS, C. J.—Howell Brothers sought by bill in chancery the specific performance of a contract for the sale of land against Robert E. Reed and his wife. The defendant interposed a demurrer to the bill and the same was overruled; thereupon they appealed from the interlocutory order.

This is one of several cases in which during the early summer of 1927 the Court, acting under the provisions of the statute, requested the assistance of a circuit judge. The record was returned to this Court in July of this year.

The demurrer to the bill we think should have been sustained in the alleged contract, which is set out in full in the bill of complaint, is uncertain. It is not clear from such description that the land is located in Hillsborough County where the suit was begun. The description does

not identify the land. There is a date line reading
"Tampa, Florida, 3/27/1925" to the document constitut-
ing, as it is alleged, the contract between the parties but
whether that is sufficient to definitely locate the property is
not decided. The Court cannot take judicial notice that
the "Munro and McIntosh" subdivision is a Hillsborough
County enterprise. See Edwards v. Rives, 35 Fla. 89,
17 So. R. 416; Rhode v. Gallat, 70 Fla. 536, 70 So. R. 471;
Simmons v. Tobin, 89 Fla. 321, 104 So. R. 583.

The alleged contract consists of a proposition in writing
addressed to Reed and his wife and signed by them. Fol-
lowing their signatures are the following words: "I hereby
agree to the above offer this —— day of —— 192..." The
above sentence was signed "Howell Brothers by O. D.
Howell Purchaser." The instrument was witnessed by
two witnesses.

The instrument is most difficult of interpretation. The
first paragraphs of it constitute an offer of a price for a
parcel of land and the terms and conditions of sale. The
offer is made by Reed and his wife to themselves by name.
The last paragraph seems to have been intended to com-
mission J. S. Holt to sell the land. That is to say, Reed and
his wife agreed not with Holt but with themselves that the
production of a purchaser able and willing to buy the land
and comply with the "terms and conditions imposed by the
seller" of the property should entitle Holt to receive and
retain a commission on the selling price.

It is not apparent that a proposition to sell the land was
made to Howell Brothers by Reed and wife; or that Howell
Brothers proposed to Reed and wife to buy. There is
nothing definite to indicate that Holt was engaged to find
a purchaser and certainly nothing to indicate that he was
empowered to sell. How or when Howell Brothers came
into the transaction the instrument does not indicate;

whether on a proposition made to him by Reed and wife or through the agency of Holt is equally uncertain. If by the former the document shows no meeting of minds and if by the latter it shows no authority in Holt to sell. The instrument is too vague in its provisions to form the basis of a suit for specific performance. See Rhode v. Gallat, *supra*; Daubmyre v. Hunter, 86 Fla. 326, 98 So. R. 69.

The decretal order overruling the demurrer is reversed and the bill is dismissed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.