## EDMUN REALTY CORPORATION and A. E. MUNYER v. FRANK J. KEARNS

28 So. (2nd) 834
January 28, 1947

January Term, 1947
En Banc

*Roland W. Granat,* for petitioners.

*E. L. Lockhart* and *Ross & Reinhardt,* for respondent.

BUFORD, J.:

This case is before us on petition for certiorari under Rule 34 to review an order of the Chancellor denying motion to dismiss bill of complaint in which it was sought to have decreed specific performance for the purchase and sale of real estate.

Edmun Realty Corporation, a Florida corporation, and A. E. Munyer were named as defendants.

The only memorandum of agreement alleged to have been signed by anyone was as follows:

"March 5, 1945

"Received from Frank J. Kearns Seventy Five Hundred Dollars ($7500.00) same being one-half purchase price for Ten (10) surfside, Florida, Lots. Title to be made in the name of Frank J. Kearns and A. Edward Munyer as soon as A. E. Munyer arrives in Miami.

/s/ A. E. Munyer"

It is not alleged that the purchasers, or either of them, were delivered possession of any of said lots under this memorandum.

After alleging the payment of $7,500.00 to A. E. Munyer by plaintiff for one-half of ten lots in Surfside with the understanding and agreement that the title to the said ten lots would be taken in the name of A. Edward Munyer and the appellee and that at the time the titles to the said lots were in the name of Edmun Realty Corp., a Florida corporation, which corporation is controlled and operated by A. E. Munyer, the bill then alleges:

"It was agreed by the parties that the defendant A. E. Munyer would cause said corporation to convey said ten (10) Surfside lots to the plaintiff Frank J. Kearns and the defendant A. E. Munyer; that a short time thereafter the parties agreed that they would dispose of four (4) of the aforesaid ten (10) Surfside lots and that four of the said lots were disposed of by sale to other parties, without the title to said lots having been taken in the names of Frank J. Kearns and A. E. Munyer; that the said A. E. Munyer accounted to the plaintiff herein for the purchase price of two (2) of the lots

and paid unto the plaintiff the sum of Three Thousand ($3000.00) Dollars, representing plaintiff's share in the lots sold by the plaintiff and the defendant; that shortly thereafter the plaintiff and the defendant A. E. Munyer, acting in his own behalf and acting as Agent for the Edmun Realty Corp., agreed that they would divide the six (6) lots remaining out of the ten (10) between the plaintiff Frank J. Kearns and the defendant A. E. Munyer; that the plaintiff and the defendant agreed between themselves that the three lots hereinabove more particularly described would be conveyed to the plaintiff Frank J. Kearns and that it was specifically understood by the said parties that the defendant A. E. Munyer would cause the defendant Edmun Realty Corp., to convey the said three (3) lots to the plaintiff and to furnish a good and marketable title to said lots to the plaintiff for the sum of Fifteen Hundred ($1500.00) Dollars each, or a total of Forty-five Hundred ($4500.00) Dollars, which the plaintiff had already paid to the defendant on March 5, 1945, as aforesaid; that the defendant A. E. Munyer furnished unto the plaintiff two (2) memoranda in which the description of the aforesaid lots is set forth. Copies of said memoranda are attached hereto, marked Exhibits 'B' and 'C' respectively, and made a part hereof.

IV.

"Plaintiff would further show unto the Court that he has performed all the things necessary for him to do under said contract, and stands ready and willing to accept title to the aforesaid three (3) lots, and has on many occasions requested the defendants to execute proper deeds to said lots to the plaintiff, but that even though the plaintiff has fully· performed all acts necessary to be performed by him under the contract, that the defendant Edmun Realty Corp., has failed and refused to convey the aforesaid lots to the plaintiff, and that the defendant A. E. Munyer, President and Agent of said corporation, has failed and refused to cause said corporation to convey said lots to the plaintiff.

"Plaintiff would further show unto the Court that from the time of the agreement by the defendants to convey said lots to the plaintiff, that the plaintiff has had many oppor-

tunities to dispose of said lots at a greatly enhanced value; that the plaintiff has no adequate remedy at law against the defendants and is suffering irreparable injury because of the defendant's failure to convey; that because of the defendant's failure to convey said lots to the plaintiff as agreed, that plaintiff has been unable to accept many very profitable offers of sale of said lots. The plaintiff would further show unto the Court that he has been greatly damaged by the defendant's delay, failure and refusal in executing proper deeds to the plaintiff to the aforesaid three (3) lots."

There is a total lack of any allegation that there was any agreement whereby the owner Edmun Realty Corp. had agreed to sell to the plaintiff, and the plaintiff has agreed to purchase from the owner any lots of land. The most that can be said is that the allegations show that Munyer and plaintiff agreed together to purchase and take title to some ten lots of land that was owned by Edmun Realty Corp. and that plaintiff delivered to Munyer $7,500.00 as his (plaintiff's) one-half (½) of the purchase price; and that Munyer has only partly performed his contract by causing two lots to be conveyed to plaintiff and retains $4,500.00 of plaintiff's money.

The written instrument signed by Munyer is too vague and indefinite (even if it had been signed by the land owner) to constitute the basis for specific performance. Two fatal deficiencies therein are (2) It described no particular lots; (b) it fails to show whether 5 lots being ½ of ten lots or an undivided ½ interest in ten lots, is to be conveyed to plaintiff.

The most the allegations of the bill can be held to show is that defendant A. E. Munyer has $4,500.00 of plaintiff's money which he is legally bound to return to plaintiff and for the recovery of which plaintiff (if the allegations be established) has a cause of action of law.

So there is no equity in the bill and in view of the allegations made, the bill should have been dismissed unless application was timely made for an Order transferring the cause to the law side of the courts docket under the provisions of Sec. 75 of the Florida Chancery Practice Act.

Certiorari is granted and the order reversed is quashed with directions to the court below to dismiss the bill without prejudice to order the cause transferred to the law side of the docket if the plaintiff shall so move.

So ordered.

THOMAS, C.J., TERRELL, CHAPMAN, ADAMS, and BARNS, JJ., concur.