MATHEWS, Justice.
Appellant filed a bill in the Circuit Court seeking cancellation of a deed and quieting the title to the property 'involved in this cause. In due course an amended bill of complaint seeking the same relief was filed to which the appellee filed an answer. It appears that testimony was taken upon'the pleadings, but the testimony itself does not appear in the record. After the taking of such testimony the Court granted a motion to dismiss. Thereafter' the Chancellor made ■ an' order transferring- ’the- -caus'e; in words and figures as' follows: - ■"
“This'cause came on to be- Heard upon' motion of - the plaintiff, by and' through'her- Attorneys of'-record, to-docket said cause on the law side of this Court so that said cause can be tried before a jury by virtue of Section 66.16 of Chapter 66, Florida Statutes, [F.S.A.-] and upon consideration said motion-is granted.
“It is therefore - ordered, adjudged and decreed -by' this Court that'the plaintiff shall forthwith file her declaration in said cause, together with bill of particulars as provided by law, and shall serve a copy of the same on the-defendant’s attorney.' That the de-' fendant shall have twenty days after receipt of said declaration and said! bill of particulars to file such pleadings ,as his Attorney may deem advisable to the declaration and bill o.f particulars.”
By the entry of the order of transfer the Court did nothing more than that which it should have done when the order dismissing the bill of complaint was made. See Equity Rule. 75; section 66.16 F.S., F.S.A.; and Wilbur v. Hampton, 128 Fla. 256, 174 So. 742.
After the cause was transferred to the law side of the Court, the following defense was filed:
“That the defendant has been in the actual, open, notorious,.continuous, adverse possession of said lands for more than seven years prior to the filing of the complaint or declaration, claiming the same as his own under color of title, and his possession of same has consisted of having said lands under fence, rising same for purposes of agriculture, and ’ exercising all rights of ownership and possession thereof. That his said color of title consists of a warranty deed from Sophia Putnal, dated January T5, 1943, and-filed for record and recorded in Deed Book 26, at- page 366 of the public records of Hamilton County, Florida, on January 16, 1943.” •
*298 The final .judgment entered by the Circuit Judge, among other things, contained the following:
“ * * * the plaintiff announced that she conceded that upon a trial of the issues of said cause that the matters of fact set forth in said 'paragraph 8 of said answer- would be admitted as true,.by reason whereof the .plaintiff' could not expect to prevail upon the trial of, said cause.” :
It is urged by the appellant that the ejectment suit was a continuation of the chancery suit, and that the defense of the seven-year statute of limitations was fixed as of the date of the filing of the chancery suit, and not when the declaration in ejectment was filed.
The original suit in chancery was filed on the 27th of September, 1943. An order allowing an amended bill of complaint was made and entered on the l'8th day of February, 1950. The order of transfer to the law side of the Court was made and entered on the 13th day of December, 1950. The declaration in ejectment was filed on January 5, 1951.
As shown by the record, the seven-year statute with reference to actual, open, notorious, continuous and adverse possession had not run at the time the original suit was filed. It had run at the time of the filing of the declaration in ejectment. Therefore, there is only one question: Is the • ej ectment suit on the law side of the Court, pursuant to the order of transfer, a continuation of the chancery suit seeking to set aside a deed and to quiet title? If the ejectment suit is such a continuation then the plea of adverse possession fixing the time of the filing of the declaration in ejectment instead of a time of the filing of the original suit and the serving of process, stated no defense to the action in ejectment.
In -the case of Frierson v. Frierson, 110 Fla. 416, 149 So. 18, 19, this Court held that equity Rule 75. applies to a case like the one here, and if,the plaintiff.is not entitled to relief in equity but - might have an action at law, the Court should make an order transferring the cause to 'the law docket. With reference to the statute of limitations this Court said:
, “Although the statute of limitations may have run when the transfer occurs, such fact is no bar to the transfer, nor does the transfer amount to the institution of a new suit in which the defendant may successfully plead the statute of limitations which had not run at the time of the institution of the suit in the court where it was first filed. Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075.” (Emphasis supplied.)
In a later case of Edmun Realty Corporation v. Kearns, 158 Fla. 558, 28 So.2d 834, 836, the Chancellor denied a motion to dismiss the bill of complaint which was seeking specific performance. This Court held that the bill of complaint failed to alleged facts sufficient to justify specific performance, but did show that the defendant retained something like $4500 of the plaintiff's money which he was legally bound to return to the plaintiff, and that plaintiff had a ■ cause of action at law. This Court then said:
“So there is no equity in the bill and in view of the allegations made, the bill should have been dismissed unless application was timely made for an Order transferring the cause to the law side of the courts docket under the provisions of Sec. 75 of the Florida Chancery Practice Act. F.S.A. § 63.-75.”
. In the case of Wilbur v. Hampton, supra, the -Court said:
“The statute authorized a' transfer of the cause to the law docket; and after the transfer a cauáe' of action defectively stated1 in the bill of complaint against .Hampton may be properly stated in the declaration in the law court for appropriate relief. . And such a statement of a cause of action at law.. against the, defendant, Hampton, is not distinct from the cause of action. against him as defectively stated in the bill of complaint, and it is not barred . by the ■statute of - Imntations, since the - original process : in ,the- cause -trans *299 ferred under the statute was düly served upon Hampton before the statute had run.” (Emphasis supplied.)
The transferring of the cause and subsequent proceedings was a continuation of the original suit and the time of the running of the Statute of 1 Limitations as to adverse possession was fixed at the time the original process was served.
It was error to overrule the demurrer to the Eighth plea ■ claiming adverse possession and to enter judgment against the appellant.
Reversed for further proceedings in accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.