84 So.2d 32 (1955)
D. Edward WOOD, Appellant,
v.
Myrtle B. WILSON, Appellee.
Supreme Court of Florida. Division A.
December 14, 1955.
*33 W. Shannon Linning, Jacksonville, for appellant.
Crawford & May and Tyrie A. Boyer, Jacksonville, for appellee.
THORNAL, Justice.
Appellant Wood, who was plaintiff below, appeals from an order of the Chancellor sustaining a motion to dismiss a complaint seeking a declaration of a lien for furnishing labor and materials for the improvement of real estate.
On and prior to October 30, 1953, Wood furnished labor and materials for the improvement of a parcel of real estate allegedly owned by Myrtle B. Wilson, a single woman, which said real estate is also alleged to have been her homestead. A claim of lien was served upon Miss Wilson on December 27, 1953, but the complaint in the instant case was not filed until March 9, 1955, more than twelve months after the last item of materials was furnished and after the service of the claim of lien.
Appellee attacked the complaint by motion to dismiss on the grounds that it failed to state a claim to support relief and further that it affirmatively appeared from the allegations of the complaint that the action had not been instituted within the period of limitations prescribed by F.S. § 84.21 and § 86.11, F.S.A. These statutes respectively require that an action to enforce a materialman's or laborer's lien shall be instituted within twelve months after the claim of lien is recorded or within twelve months of the performance of the work if notice of the lien has not been recorded. The Chancellor granted the motion to dismiss the complaint. From this order an appeal was taken.
Appellant contends for reversal on the proposition that Article X, Section 1, of the Florida Constitution, F.S.A., defining a homestead and homestead exemption provides that a homestead shall not be exempt from obligations "for the erection or repair of improvements on the real estate exempted" and that inasmuch as he is merely seeking the declaration of a lien rather than the enforcement of a lien, he should not be bound by the time limitations prescribed by the mechanic's lien law. To support his position he cites cases dealing with separate property of married women as defined by Article XI of the Florida Constitution. Appellant reasons from these cases that since the Constitution requires specifically that property of a married woman "be charged in equity" that the same rule applies to the alleged homestead of a single woman.
*34 We cannot agree with appellant's process of reasoning. The two sections of the Constitution are separate and distinct and, insofar as the factual situation before us is concerned, have no elements of similarity. We have consistently held that absent special or peculiar equities justifying the imposition of an equitable lien as typified by the case of Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409, an action to enforce a materialman's or mechanic's lien must be brought within the period of limitation stipulated in the applicable statute. See Kimbrell v. Fink, Fla. 1955, 78 So.2d 96.
Appellant attempts to make some distinction between the "declaration of a lien" and the "enforcement of a lien". Again, we cannot agree with the distinction attempted. A lien "declared" could be of no value whatsoever and the employment of the judicial process to declare it would be a completely useless gesture if the lien were not enforceable when declared.
The constitutional provision with reference to homesteads defines the exemption and then delineates the particular claims for which a homestead may be made liable. These include claims for repairs or improvements. The Constitution does not prevent the Legislature from stipulating additional prerequisites to the enforcement of a materialman's lien even though a homestead is involved. This the Legislature has done and it has required that the proceedings to enforce the lien be instituted within a stipulated time. Having failed to start his suit within the time prescribed by law, the appellant is, therefore, barred from enforcing the lien in equity.
It is contended further on appeal that the Chancellor should have transferred the cause to the law side of the Court and awarded appellant a judgment for the amount of his claim. We find no request in the complaint that a judgment be entered nor do we find any motion or other evidence on record that the appellant, as plaintiff below, requested the Chancellor to take the action suggested by the appeal. We do not consider it the responsibility of the trial Judge under such circumstances to transfer the cause ex mero motu. It is the duty of a party to bring to the attention of the trial Court his contentions relating to his claims for relief. When he fails to do so, he cannot assert that a trial Judge was in error for failure to anticipate his desires. See Edmun Realty Corporation v. Kearns, 158 Fla. 558, 28 So.2d 834.
The decree appealed from is, therefore, affirmed, but without prejudice to the appellant to proceed in the appropriate forum to enforce his rights at law, if any he has.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.