STURGIS, Chief Judge.
This is an appeal from a final order granting appellee’s motion to dismiss a complaint in equity seeking specific performance of an alleged contract to convey land, the critical ground being that the complaint failed to state a cause of action.
The complaint alleged the following facts, in substance, which for the purpose of the motion to dismiss, are admitted by the movant to be true: On March 9, 1957 plaintiff paid to defendant $100 in part payment of a total of $1,500' for the purchase of a parcel of real property that, on the basis of subsequent action taken for the purpose, was determined to have a metes and bounds description as set.forth in the complaint. The defendant signed and delivered to plaintiff the following initial document regarding the transaction:
“Reeved from T. H. Sompayrae, Jr. Mar 9/57
$100.00 as a Binder on Propty
East Side of my Propty,
200 ft Frontage Clair Road
Blance $1400.00
W. D. Lewis”
Thereafter the defendant delivered to plaintiff three additional documents for the purpose of enabling the plaintiff at his own expense to make a title search and procure an accurate survey of the land preliminary to closing. These documents, which form part of the transaction, consist of the following: (1) A crude sketch, which in itself is inadequate to specifically describe or locate the land but which is alleged to have been delivered for the purpose of showing the location and approximate dimensions of defendant’s land on Clair Road. (2) A tax receipt of Duval County issued to defendant for 1956 taxes, which designates the section, township and range in which the defendant’s land lies. It also contains a reference to the book and page of the public record wherein is recorded the defendant’s muniments of title to the subject property. (3) A carbon copy of a boundary line agreement entered into between the defendant and the owners of adjacent land, which embodies a map of a survey of the lands referred to in that agreement. Pursuant to the alleged contract reflected by all of the within mentioned documents, plaintiff incurred obligations totaling $160 for title search and survey. Defendant was kept fully advised of the progress made toward the closing of the transaction and acquiesced to all of the steps taken by plaintiff. On May 2, 1957 the parties met by prearrangement in an attorney’s office for the purpose of closing the transaction and the plaintiff then and there tendered to defendant the balance of the purchase price *54 and requested a conveyance of the land. Defendant refused to perform. Upon the foregoing facts reflected by the complaint plaintiff sought specific performance of the alleged contract.
 In passing on the questions raised by the appeal it is well to mention certain well defined principles governing an action for specific performance of a contract to convey realty. Specific performance is an equitable remedy. It is grantable as a matter of sound judicial discretion vested in the Chancellor. Such discretion is governed by principles of law and equity applicable to the particular facts and circumstances, all pertinent factors must be considered, and the right to such relief may not be denied where the facts are sufficiently pleaded and established. Perry v. Benson, Fla.App., 107 So.2d 213; Humphrys v. Jarrell, Fla.App., 104 So.2d 404.
Appellee contends, and we agree, that the written contract or memorandum of the transaction must so describe the land that it can be definitely located as the particular parcel forming the subject of the contract. Edmun Realty Corp. v. Kearns, 158 Fla. 558, 28 So.2d 834; Simons v. Tobin, 89 Fla. 321, 104 So. 583; Rhode v. Gallat, 70 Fla. 536, 70 So. 471; Lente v. Clarke, 22 Fla. 516, 1 So. 149; Patrick v. Sears, 19 Fla. 856. In line with this contention, it is true that if our deliberations are confined to a consideration of the initial document — the receipt signed by defendant — we would be compelled to hold that it does not sufficiently describe the land. Hammond v. Hacker, 93 Fla. 194, 111 So. 511. However, we are not so circumscribed by the facts or equities as set out in the complaint.
Each of the documents furnished by defendant to plaintiff constitutes part and parcel of the entire transaction. Those given subsequent to the initial receipt supplemented and implemented the former. Under the facts alleged, therefore, we are called on to determine whether the documents alleged by the complaint to have been delivered by defendant when taken together spell out a contract which the trial court should enforce by specific performance. We conclude that it is adequate for the purpose and that it was error to dismiss the complaint.
Our only difficulty in reaching this conclusion concerned the question of the sufficiency of those documents to provide the means by which to accurately locate the subject property. Applying the maxim “Id certum est quod certum reddi protest,”[1] that apparent difficulty is dissipated. The initial receipt contains language clearly re-, fleeting (1) that the property intended to be conveyed is part of a parcel owned by the defendant, (2) that it was to be carved oft of the east side of his property, and (3) that it had a frontage of 200 feet on Clair Road. Under that document, the only missing link to an ability to specifically locate the parcel sold is a description of the composite body of property of the defendant fronting on Clair Road. It is evident that with this data one can readily carve out the east 200 feet thereof and so meet the test of the decisions relating to accuracy of description. According to the complaint, this is exactly what was done pursuant to data furnished by the defendant with the understanding that it would be used for that specific purpose. The tax receipt provided a competent key by which to locate the property. Aside from that too, the boundary line agreement which the defendant consummated with the adjacent land owner to the east establishes the east boundary line of a portion of defendant’s land, from which projection can be made to determine any other factor that may be necessary, when considered in connection with the deed record referred to in the tax receipt, to develop an accurate description of the property forming the subject of the contract.
*55 ■ It is also evident that the plaintiff relied to his detriment on the acts of the defendant in furnishing to him the supplemental documents for the stated purpose of basing a title search and survey thereon. While we have treated these documents as part of the contract proper, their use for the purpose of supplying a description of the land is also supportable on principles of equitable estoppel. The complaint alleges facts which show a change in plaintiff’s position induced by reliance on the acts of the defendant, as well as defendant’s acquiescence in the action plaintiff took in the premises. See Cox v. LaPota, Fla., 76 So.2d 662.
Accordingly, the decree dismissing the complaint is vacated and the cause remanded for proceedings consistent with the views herein expressed.
CARROLL, DONALD and WIGGIN-TON, JJ., concur.