MILLEDGE, STANLEY, Associate Judge.
Appellant Westinghouse sought to foreclose a mechanic’s lien for materials furnished through the electrical subcontractor to the erection by Praver and Schulman, general contractors, of a building owned by Levin, et al., and leased to Pembroke Properties. The electrical subcontractor, All Ways Electric, Inc., made a defendant, also sought to enforce its claim of lien.
Two days before the scheduled pre-trial conference, the contractors sought leave *425 to amend their answer by pleading a waiver and release of the liens or question by both the plaintiff and defendant All Ways Electric. At the conference, leave to amend was granted. The waiver and release was exhibited and its authenticity admitted by the lienors. The lienors took the position that the instrument did not necessarily dispose of the case and contended for a right to introduce parol evidence to resolve a purported ambiguity in the instrument since to the printed words “Waiver of Lien” appearing as a title across the top of the printed instrument, the handwritten word “partial” had been prefixed by both lienors who had signed it. These contentions were rejected and a final decree dismissing the complaint and cross complaint was entered. The appellants’ request to have their claims as actions at law transferred to the law side of the court was denied.
All Ways does not argue the point on appeal. Since the amended answer pleading the waiver was permitted at pre-trial conference, the case was not then at issue. This procedural point was not made at the conference, in a petition for rehearing or on this appeal, presumably because it was of no moment to these appellants. No contention was made in the trial court or here that had the reception of evidence been postponed until twenty days later when the case became at issue under Rule 3.8, 1954 Florida Rules of Civil Procedure, 31 F.S.A., the legal effect of the waiver might have been overcome by some equity such as that by mutual mistake of all parties to the instrument, something was executed other than that intended.
The appellants plant their contention on the proposition that parol testimony (the nature of which is not shown) should have been received to explain the ambiguity in the instrument. Counsel for appellants do not suggest in what way the word “partial” renders the instrument ambiguous. Actually the word “partial” is not a part of the instrument at all. It is entirely outside the terms of the instrument. “The contract being clearly expressed in writing, the printed billhead of the invoice can, upon no well-settled rule, control, modify, or alter it.” Sturm v. Boker, 150 U.S. 312, 14 S.Ct. 99, 103, 37 L.Ed. 1093. In Summers v. Hibbard, Spencer, Bartlett & Co., 153 Ill. 102, 38 N.E. 899, it was held that the acceptance of an unconditional offer to buy goods, unqualified in the body of the acceptance, is not qualified by words appearing at the top of the letterhead “all sales subject to strikes and accidents.” To the same effect is Menz Lumber Co. v. E. J. McNeeley & Co., 58 Wash. 223, 108 P. 621, 28 L.R.A.,N.S., 1007.
There was no ambiguity in the instrument here. It clearly states that in consideration of $5,430 the two appellants waived and released their claim of lien, on the one parcel of land involved. Actually, the waiver and release is in the same terms as that of the instrument in Jowein, Inc. v. Sudy Realty Corp. of Florida, Fla. 1954, 73 So.2d 227, which effectively disposed, under § 84.26, Fla.Stat., F.S.A., of the existing lien rights.
We think that the chancellor was correct in refusing to transfer the case to the law side so that Westinghouse could seek a legal remedy against All Ways. The usual power of an equity court to dispose of purely legal rights as or incident to its equity powers is modified by § 84.2'lr Fla.Stat., F.S.A., construed in Wood v. Wilson, Fla.1955, 84 So.2d 32, to prevent entry of a money judgment unless the lienor etablished his lien in part. Rule 1.39, Florida Rules of Civil Procedure, is not applicable here where a complete defense to the lien is proved. Rule 1.39 is applicable only in the instance where the plaintiff has misconceived his remedy and the- ease is transferred to the side of the court competent to afford the appropriate remedy. The determination of the proper side, although it may be made “at any time,” is made according to the situation existing when “an action has been commenced * * * either in equity or at law when it *426 should have been brought on the opposite side of the court.” If the appellants could sell the land of the owner for the satisfaction of a debt not their own this could only be done in a court of equity. It was the efficacy of the defensive facts, not a limitation upon the proper exercise of judicial power, which accounts for the defeat of appellants’ purpose.
The decree appealed from is affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.