STURGIS, Judge.
This is an appeal from an order in chancery denying the defendant-appellant’s motion for a summary decree and transferring the cause to the law side of the court for trial by jury on “the question of damages.”
Plaintiff-appellees were members of the senior class of the Crestview High School. On June 1, 1961, they brought suit in equity against the defendant-appellant, who was principal of the school, to enjoin him from interfering with their graduation and to recover “any and all compensatory and punitive damages” as they might be equitably entitled to recover under the circumstances alleged by the complaint which, it may be said at this point, fails to allege any facts upon which to base a recovery of damages.
The gist and gravamen of the complaint s that the plaintiffs had done all things lecessary to entitle them to be graduated from the Crestview High School, that the defendant principal threatened to take action which would result in their failure to graduate, and that such threatened action would constitute an arbitrary denial of their constitutional and statutory rights.
On the basis of the verified complaint a temporary restraining order was entered enjoining and restraining the defendant “from arbitrarily interfering with the scheduled graduation of the plaintiffs from Crestview High School tonight, June 1, 1961.” This order was entered without notice and was not served on defendant. On the following day a rule nisi was entered requiring defendant to show cause why he should not be held in contempt for failure to comply with the order. Defendant filed a return to the rule and after a hearing thereon, including the presentation of proofs, in the course of which it developed that the plaintiffs did in fact graduate from said school, the rule was discharged. Thereafter the defendant filed an answer to the complaint alleging, inter alia, that while the plaintiffs, because of their violation of a rule of the school governing attendance, were not permitted to participate in graduation ceremonies, both of them were in fact graduated by the school and received their diplomas without such participation, and that under such circumstances all issues raised and questions presented by the complaint had become moot. At the same time the defendant filed a motion for summary decree based on the pleadings, the sworn return of the defendant to the rule nisi, the admissions on file, and the testimony taken before the court at the hearing on the rule nisi. Upon consideration thereof the chancellor entered the order appealed which denied the motion for summary final decree and transferred the cause to the law side of the court for trial by a jttry on the question of damages.
Upon the uncontradicted showings made on the motion for summary final decree, it is apparent that the issues attempted to be framed by the complaint had be *318 come moot in view of the fact of plaintiffs' graduation from the High School. Aside from the question of whether the defendant properly exercised disciplinary action in refusing to permit the plaintiffs to participate in the graduation exercises, it is apparent that upon their graduation no further relief was available in equity.
The only remaining question is whether the chancellor erred in ordering the cause transferred to the law side of the court for trial by jury on an issue of damages.
While equitable jurisdiction over the subject matter is to be determined with reference to the situation existing at the time suit is filed, and not by conditions later coming into existence, the relief to he accorded by the decree is governed by the conditions which are shown to exist at the time the decree is entered and not by the circumstances attending the inception of the litigation. Where the court finds that on the case presented by the complaint it cannot make its decree effective, the suit should be dismissed without prejudice. It is the duty of a court of equity to decide actual controversies by a decree that can be carried into effect, and not to give opinions on moot questions or to declare rules of law that cannot affect the matter in issue in the case before it. It is only where conditions exist that afford relief in equity that the court will go on to grant additional relief, though legal in character, necessary to a final disposition of the cause. The legal relief must be predicated, however, upon proper issues developed by the pleadings.
 The pleadings and proofs in this case are wholly insufficient to develop an issue entitling the chancellor to transfer the cause to the law side of the court under rule 1.39 F.R.C.P., 30 F.S.A. As stated in Westinghouse Electric Supply Co. v. Levin (Fla.App.), 115 So.2d 423 (Text 425):
“Rule 1.39 is applicable only in the instance where the plaintiff has misconceived his remedy and the case is transferred to the side of the court competent to afford the appropriate remedy. The determination of the proper side, although it may be made ‘at any time,’ is made according to the situation existing when ‘an action has been commenced * * * either in equity or at law when it should have been brought on the opposite side of the court.’ ”
The order appealed is reversed with directions to enter an order granting the motion of the defendant-appellant for summary final decree dismissing the suit.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.