HORTON, Judge.
The appellant seeks review of an adverse final decree which established a mechanic’s lien in favor of the appellees and ordered payment thereof, or, in default of payment, execution upon the appellant’s bond posted in lieu of the real property upon which the lien was sought to be impressed.
This action was commenced by the appellant’s filing a petition seeking the cancellation of appellees’ claim of mechanic’s lien on two of appellant’s lots. Subsequently, appellees filed a counterclaim seeking to foreclose their alleged lien. Paragraph two of the counterclaim alleged :
“Plaintiffs entered into a contract, which is on file in the above-styled case, for the designing and engineering of improvements on the real property of the plaintiff. Plaintiffs performed all required services thereunder, and were partially paid therefor, but a balance .remains due thereunder of $1,400.00.”
There followed the usual allegation that appellees had complied with all the requirements of the mechanic’s lien law of Florida, and sought to subject the appellant’s lots to the satisfaction of their lien. The appellant’s motion to dismiss, on the principal ground that the counterclaim failed to state a cause of action, was denied and a reply was filed, denying the material allegations of the counterclaim and alleging as an affirmative defense a written release exonerating one of the two lots from the force and effect of the lien. The appellees sought to evade the effect of the release by charging that it had been obtained by trickery. The cause went to trial before the chancellor on the issues made by the counterclaim and the reply thereto, including the affirmative defense of release. Subsequently, the chancellor entered the. final decree appealed.
*756 The appellant contends (1) the appellees have failed to prove that either their alleged services as architects or their plans, specifications and drawings were used in connection with improving the appellant’s real property; and (2) the release of lien executed by the appellees was effective to exonerate one of the two lots involved. We conclude these contentions have merit.
The pertinent portions of § 84.02, Fla. Stat., F.S.A., provide:
“ * * * any person who performs services as architect .* * * shall, subject to said compliance, limitations and priorities, have a lien on the real property improved for any money that shall be owing to him for his services in preparing plans, specifications or drawings used in connection with improving the real property * * * rendered in accordance with his contract * * [Emphasis supplied]
In the case of Peterson v. Petersen, Fla. 1953, 67 So.2d 682, the Supreme Court of Florida, on petition for certiorari, reviewed an order denying motion to dismiss a bill of complaint seeking a lien on real property for services allegedly rendered by an architect. In construing § 84.02, supra, the court said:
“The bill of complaint did not allege that his services as an architect were used on ‘the real property improved’ or that the drawings were ‘used in connection with improving the real property’. * * * It is alleged in the complaint that the architect was employed to prepare sketches, plans and specifications for the improvement of real property but there is no allegation that the real property was improved or that the sketches, plans and specifications were used for the improvement of such property.” [Emphasis supplied]
The court granted certiorari and quashed the order denying the motion to dismiss.
In the instant case the appellant did not argue that the counterclaim was insufficient under § 84.02, supra, although it did assign as error the denial of its motion to dismiss the counterclaim for failure to state a cause of action. We note in passing that it would appear the counterclaim was subject to the same objection as that directed to the complaint in Peterson v. Petersen, supra.
Proceeding to the merits of this appeal, we fail to find in the record testimony or evidence on behalf of the appel-lees that their plans, drawings and specifications had ever been used in the improvement of the appellant’s second lot. To the contrary, the record conclusively indicates that no improvements were made on this lot. Consequently, in the light of the mechanic’s lien law, § 84.02, supra, and the decision in Peterson v. Petersen, supra, we fail to see how the appellees could be entitled to a lien on the second lot.
 As to the first lot, the appellant exhibited a release of lien which appears in the record on appeal. Appellees have failed to offer any evidence or testimony which would impugn the validity of this release.[1] Assuming, as the chancellor had a right to do, that the release of lot one was not given as a release in toto of the contractual obligations of the appellant, it did effectively and validly release the first lot from any claim of lien which the appellees might have had under the mechanic’s lien law.
One further question should be answered — that is, whether the chancellor’s award of judgment in the sum of $1,400 should be allowed to stand as a money judgment on the theory that there was a *757 breach by the appellant of the written contract between the parties. Inasmuch as the appellees failed to prove that they were entitled to any lien on either of the two parcels of property involved, it would be error to award a money judgment in their favor. See § 84.29, Fla.Stat., F.S.A.; Westinghouse Electric Supply Co. v. Levin, supra; Wood v. Wilson, Fla.1955, 84 So.2d 32; Shad v. Arnow, 155 Fla. 164, 19 So.2d 612.
In view of the opinions expressed herein, the final decree appealed is reversed with directions to dismiss the appellees’ counterclaim -without prejudice to such rights, if any, as they may have under the terms of the contract between the parties.
Reversed with directions.

. See Westinghouse Electric Supply Co. v. Levin, Pla.App.1959, 115 So.2d 423.