David J. CABARROCAS, an individual, Plaintiff,

v.

RESOLUTION TRUST CORPORATION as Receiver for New Metropolitan Federal Savings and Loan Association, Defendant.

No. 92–10063–CIV.

United States District Court, S.D. Florida.

Aug. 10, 1993.

Theodore W. Herzog, Key West, FL, for plaintiff.

Rebecca F. Duke, Winthrop, Stimson, Putnam and Roberts, Palm Beach, FL, for defendant.

Michael J. Kennedy, Palm Beach, FL.

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Plaintiff's Motion for Leave to Amend Complaint, filed on July 13, 1993, and Defendant's Motion for Summary Judgment, also filed on July 13. Defendant, on July 21, filed a response in opposition to amending the complaint. Plaintiff, on July 28, filed a memorandum in opposition to summary judgment.

■ In Defendant's opposition to Plaintiff's Motion for Leave to Amend Complaint, Defendant urges the Court to deny Plaintiff's motion because it was untimely filed. This Court had issued an order on January 22, 1993 which set a pre-trial conference for July 16, 1993. In that order, the Court pointed out to the parties that under local court rules, all discovery must be completed by seven days prior to the date of that conference and all memoranda of law and the pre-trial stipulation must be filed by five days prior to the conference.

In light of this timetable set by the Court, it is true Plaintiff's Motion for Leave to Amend was untimely filed. Defendant's Motion for Summary Judgment, however, was likewise filed late. Both were filed just three days prior to the date of the pre-trial conference. This Court has the discretion under Local Rule 16.1H to disregard all filings after the cut-off date, here specified nearly six months in advance. In fact, because the pre-trial stipulations were filed late, this Court could dismiss the case altogether. However, since the pre-trial conference was postponed by the Court for independent reasons after receiving the motions, the Court chooses to address both motions as if they had been timely filed, with the admonition that the parties adhere strictly to all future deadlines.

### A. Plaintiff's Motion to Amend Complaint

■ The Court has carefully examined Plaintiff's Motion to Amend Complaint and has reviewed the record of the case. The Court considers Plaintiff's proposed amendment to the complaint to represent an additional legal theory more than allegations of fundamentally different facts. Defendant would not be unduly prejudiced by this amendment to the complaint, especially with additional time for discovery. Accordingly, Plaintiff will be allowed to amend his complaint to include a count of unjust enrichment, and an additional sixty (60) days of discovery will be granted.

### B. Defendant's Motion for Summary Judgment

This Court finds, for reasons set forth below, that there exist material issues of fact and holds that Plaintiff's claim against Defendant is not statutorily barred. Defendant's Motion for Summary Judgment must therefore be denied.

This case involves an attempt by Plaintiff to foreclose on a mechanic's lien. Plaintiff performed architectural services relating to a certain real estate property project known as

Hidden Bay/Key Largo Yacht Club. Those services were commissioned by Gustavo Villoldo ("Villoldo"), who had a contract to purchase the property from the owner New Metropolitan Federal Savings and Loan Association ("New Metropolitan"). Plaintiff performed his services while New Metropolitan was still the owner of the property. The Resolution Trust Corporation ("RTC") became the owner in its capacity as Receiver for New Metropolitan, and it canceled the contract for sale to Villoldo and his associates. Plaintiff's services resulted in the granting of a Monroe County building permit. That permit was never picked up from the County, and the project authorized by it was never completed. There apparently existed no written contract between Plaintiff and either the owner or an agent of the owner. In addition to averring that RTC is directly responsible for the debt in question, Plaintiff in his amended complaint alleges that RTC has been unjustly enriched because it is marketing the real property with the building permit secured by Plaintiff and with Plaintiff's architectural plans, even though it has not paid Plaintiff for his services related to either.

In moving for summary judgment, Defendant argues that under Florida Statute 713.-03, Plaintiff is not entitled to a lien on the real property because he did not have a contract with Defendant and no improvements were actually made to the property. Defendant also urges that under 12 U.S.C. § 1823(e), the RTC acquired the property free from all defenses and claims asserted against its predecessor and that any agreement with the bank for the performance of services would only be enforceable if it was in writing and met the other requirements of § 1823(e).

Plaintiff responds that a contract in fact existed between Plaintiff and New Metropolitan; that the securing of the permit constitutes an improvement regardless of whether the property was physically improved; and that 12 U.S.C. § 1823(e) is inapplicable because the agreement in this case does not diminish or defeat the interest of Defendant.

### 1. Standard of Proof

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The party seeking summary judgment bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983) (citations omitted). "In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Clemons v. Dougherty County, Ga.,* 684 F.2d 1365, 1368 (11th Cir.1982) (citation omitted). Although it is incumbent upon the responding party to "set forth specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), "[t]he burden on the nonmoving party is not a heavy one; he simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Charles A. Wright, et al., Federal Practice and Procedure § 2727 (1983) (citing *First Nat'l Bank of Az. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)). The responding party may not need to introduce an affidavit or other evidence to counter a motion for summary judgment when the moving party has not met its initial burden of establishing the absence of a disputable material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142 (1970).

It should be noted additionally that in contract cases, "summary judgment may be inappropriate when there is a factual dispute regarding the existence of a valid and binding agreement, or the scope of an agreement, as, for example, who is bound by it." Wright, et al., *supra,* at § 2730.1 (footnotes omitted). "[W]hen plaintiff is suing based on an implied agreement, questions concerning the parties' intentions necessarily intrude." *Id.* (footnotes omitted).

### 2. Material issue of fact relative to Fla. Stat. 713.03

As support for its argument that Plaintiff had no contract or direct contract to

perform the services that he in fact performed, Defendant points to the depositions of several individuals, including Plaintiff. The testimony in these depositions establishes that no written contract existed to perform the work, but it does not indicate that no oral contract existed. Plaintiff has asserted that Villoldo was acting as an agent of New Metropolitan when he authorized Plaintiff to perform the work. If this fact can be established to the satisfaction of the Court or jury, it is possible that any agreement made between Villoldo and Plaintiff would be attributable to, and binding upon, New Metropolitan. *Warshaw v. Pyms*, 266 So.2d 355, 357 (Fla.Dist.Ct.App.1972) (a direct contract, binding the owner directly, can be formed "by the owner through an agent, as effectively as if the parties made such contract face-to-face"). This, in turn, would trigger the application of Fla.Stat. 713.03(2), which would grant Plaintiff a lien regardless of whether the property had been physically improved. The issue of whether a contract existed between Plaintiff and New Metropolitan is a mixed question of law and fact; Plaintiff deserves the opportunity to develop factual evidence establishing this contractual relationship.

If the Court or jury finds that a contract existed for Plaintiff to perform the work but that that contract did not obligate New Metropolitan directly to Plaintiff, the Court would then consider whether the improvement to the property alleged by Plaintiff satisfies the requirements of Fla.Stat. 713.-03(1). If the property had been improved within the meaning of this section of the statute, then Plaintiff would be entitled to a lien against the property. Whether the improvement falls within the meaning of Fla. Stat. 713.03(1) is, again, a mixed question of law and fact. There exists some case law that indicates physical improvement by the worker may not be necessary for the imposition of a mechanic's lien; so the question may turn at least partly on the nature of the non-physical improvement alleged by Plaintiff and on the extent to which Plaintiff's services were directed to the ultimate physical improvement of the real property. *Compare Swedroe v. First American Investment Corp.*, 565 So.2d 349 (Fla.Dist.Ct.App.1990)

*with Miami Highland Park, Inc. v. Leslie*, 142 So.2d 754 (Fla.Dist.Ct.App.1962). Plaintiff should be permitted to introduce evidence that the services performed by Plaintiff improved the property within the meaning of Fla.Stat. 713.03.

### 3. Statutory Bar: § 1823(e)

The RTC urges that even if it is found that New Metropolitan owed to Plaintiff the debt at issue, the RTC as the receiver of New Metropolitan is not responsible for that debt because the statutory requirements of 12 U.S.C. § 1823(e) were not met. Section 1823(e) provides:

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section ... as receiver of any insured depository institution, shall be valid against the RTC unless the agreement—

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

Because these requirements were not met in this case, Defendant urges that the statute bars recovery by Plaintiff. But does § 1823(e) apply to the instant situation? In order to fit within the ambit of subsection (e), the agreement must necessarily be one which tends to diminish the interest of the RTC in an asset. Defendant would have the Court read the word "agreement" as encompassing any contract between New Metropolitan and Plaintiff. The only asset in which the bank's interest would be diminished by the agreement would be the real property known as Hidden Bay/Key Largo Yacht Club. Defendant does not offer an explanation of how, under this reading, an agreement to improve

an existing asset in the form of real property could be executed contemporaneously with the bank's acquisition of that property.

This highlights one problem with attempting to stretch the statute to encompass situations similar to the one at hand. The Eleventh Circuit has pointed out that the proper application of § 1823(e)[1] is to situations where the receiver (in this case the RTC) asserts or defends the validity and enforceability of a particular debt or monetary obligation owed *to* the failed bank; for example, a promissory note, a mortgage, a letter of credit or personal guaranty or collateral pledge agreement securing a loan, rental payments under a lease, or a refund provision in an insurance contract. *Vernon v. Resolution Trust Corp.*, 907 F.2d 1101 (11th Cir.1990). The Appellants in *Vernon,* the court noted, were "not obligees trying to avoid their commitment on an asset which [the successor bank or receiver] acquired via a purchase and assumption agreement.... [Rather,] [a]ppellants wish to obtain compensation from the general assets of [the successor bank or receiver], which they assert has succeeded to the liabilities of [the failed bank]...." *Id.,* at 1107–08 (emphasis added). The court proceeded to explain the significance of this distinction:

> ... [The appealing Defendant] would have us extend the *D'Oench* doctrine to preserve all assets, whether actually possessed or receivable, acquired by a federal insurer or its successor in interest from all claims tending to diminish those assets, save those claims clearly supported by the records of the insolvent bank.

The expansion of the *D'Oench* doctrine suggested by [Defendant] might well further the background goal of favoring and facilitating the purchase and assumption of insolvent banks over liquidation. We decline to adopt such a rule, however, as we believe it would be both inappropriate and unnecessary in this appeal.

When [the failed bank] became insolvent and the FSLIC was appointed as receiver, the FSLIC took possession of both the assets and the liabilities of the failed bank. *See, e.g., Fed. Deposit Ins. Corp. v. Condit,* 861 F.2d 853, 857 (5th Cir.1988); *Fed. Deposit Ins. Corp. v. R–C Mktg. & Leasing, Inc.,* 714 F.Supp. 1535, 1545 (D.Minn. 1989). Had the FSLIC elected to liquidate [the failed bank], it would have had the 'power to carry on the business of and to collect all obligations to' [the failed bank], *see* 12 U.S.C. § 1729(d), and would have enjoyed the protection of *D'Oench* in *collecting* those obligations. However, the same liquidation statute imposes on the FSLIC the duty to 'settle, compromise, or release claims in favor of or against [the failed bank], and to do all other things that may be necessary in connection therewith,' and to 'pay all valid credit obligations of [the failed bank].' 12 U.S.C. § 1729(b)(1)(B), (d). The Supreme Court in *Coit Independence Joint Venture v. Fed. Savings & Loan Ins. Corp.,* 489 U.S. 561, [573], 109 S.Ct. 1361, 1369, 103 L.Ed.2d 602 (1989), explained that these provisions empower the FSLIC to pay claims that are proved to the FSLIC's satisfaction and that claimants may bring suit to have a court determine the validity of their claims. Certain claims, such as tort claims, might not appear in the books of a failed bank and yet easily be shown to be valid. The rule proposed by [the successor bank] would bar such claims from being successfully asserted when Congress has provided that such claims be paid. [The successor bank's proposed] rule cannot prevail.

*Id.,* 907 F.2d 1101 at 1108 (footnotes omitted) (emphasis added).

This Court finds persuasive the reasoning of the Eleventh Circuit, and, indeed, is bound by it. In the instant case, Plaintiff is not an obligee trying to avoid his commitment on an asset which was acquired by the RTC; rather, he is attempting to obtain compensation from the general assets of the RTC, which he asserts has succeeded to the liabilities of New Metropolitan. Like a tort claim, a me-

---

1. The referenced Eleventh Circuit case (*Vernon*) addressed the issue under the *D'Oench* doctrine; however, "[b]ecause § 1823(e) is merely a codification of *D'Oench* and its progeny, defenses premised upon § 1823(e) and *D'Oench* are usually construed in tandem." *Fed. Deposit Ins. Corp. v. McCullough,* 911 F.2d 593 (11th Cir.1990) (citations omitted).

chanic's lien against property owned by the bank "might not appear in the books of [the] failed bank and yet easily be shown to be valid."

The First Circuit, in *Bateman v. F.D.I.C.,* 970 F.2d 924 (1st Cir.1992), held that § 1823(e) did not deny a right to payment under a pre-existing mechanic's lien when state law would recognize the mechanic's lien as valid—even if the statutory requirements of § 1823(e) had not been met. One reason of practicality offered by the court was that a contrary holding "would require contractors, performing work on property, to obtain the written consent of each mortgagee bank and then have that mortgagee bank keep the written consent, after director approval, on file." *Id.,* at 929. In the case at hand, a holding that § 1823(e) prevents Plaintiff from recovering on a mechanic's lien for a debt owed to him by New Metropolitan would result in a similarly impracticable mandate.

*4. Conclusion*

In accordance, then, with the Eleventh Circuit's decision in *Vernon,* and noting in addition the practical implications pointed out by the First Circuit in *Bateman,* this Court holds that § 1823(e) does not preclude liability by the RTC for the debt allegedly owed to Plaintiff by New Metropolitan. Further, the Court finds, as set forth above, that there exist in this case genuine issues of material fact. Accordingly, after a careful review of the record, and the Court being otherwise fully informed in the premises, it is

ORDERED, ADJUDGED, and DE-CREED that Defendant's Motion for Summary Judgment be, and the same is hereby, DENIED. Further, it is ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Leave to Amend Complaint be, and the same is hereby, GRANTED. The Amended Complaint attached to Plaintiff's Motion for Leave to Amend is deemed filed as of this date. Defendant is ORDERED to plead to it within fifteen (15) days. The continued pre-trial conference will be held on October 15, 1993, at 9:15 a.m. The parties are reminded to strictly comply with the rules on pre-trial conferences; any additional discovery the parties may feel is necessary must be completed by October 10, and the pre-trial stipulation and all memoranda of law must be filed by that date.

DONE and ORDERED.